**UNITED STATES of America,
Appellee,**

v.

**Zarrar SHEIKH, Defendant–Appellant.**

**Docket No. 05–1747–CR.**

United States Court of Appeals,
Second Circuit.

Argued: Dec. 22, 2005.

Decided: Jan. 5, 2006.

As Amended Jan. 13, 2006.

Roberto Finzi (Michael Garcia, United States Attorney for the Southern District of New York, Peter G. Neiman, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

Bruno C. Bier, Bajaj & Associates, PLLC, New York, NY, for Defendant–Appellant.

Before: MESKILL, SOTOMAYOR, Circuit Judges, and KAPLAN, District Judge.*

SOTOMAYOR, Circuit Judge.

Defendant-appellant Zarrar Sheikh appeals from a judgment entered on March 26, 2005 in the District Court for the Southern District of New York (Jones, J.) sentencing him principally to a 46–month concurrent sentence, following his plea of guilty without a plea agreement, on three counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of conspiracy to commit securities fraud and mail fraud, in violation of 18 U.S.C. § 371. The 46–month concurrent sentence on each count is below the statutory maximum for each offense of conviction. In a concurrently filed summary order, we address Sheikh's challenge to the district court's calculation of his advisory sentence under the Sentencing Guidelines ("the Guidelines") as based on facts that were not proved to a jury or admitted by him in his guilty plea. Here, we reject Sheikh's remaining contention and hold that, after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), district courts may continue to calculate Guidelines sentences and sentence defendants based on facts not alleged in the indictment, as long as those facts do not increase the penalty beyond the prescribed statutory maximum

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

sentence or trigger a mandatory minimum sentence that simultaneously raises a corresponding maximum, without violating the Fifth or the Sixth Amendment.

## BACKGROUND

The indictment in this case charged Sheikh with conspiring to commit securities fraud and mail fraud, and with committing mail fraud, in connection with Opulentica, LLC, a company run by Sheikh that purported to buy and sell stocks on behalf of its investors. The indictment alleged, *inter alia,* that Sheikh "raised at least approximately $538,000 from approximately 20 investors" in connection with false and misleading statements he made to potential investors about Opulentica. The indictment, however, did not allege a specific loss amount attributable to Sheikh's conduct.

The district court sentenced Sheikh under advisory Guidelines after the Supreme Court's ruling in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district judge adopted the government's Guidelines calculation, which included a 14–level enhancement under U.S.S.G. § 2B1.1(b)(1)(H) because Sheikh's crimes resulted in a loss of more than $400,000 but not more than $1,000,000, stating that she "believe[d] that the guideline sentence is a reasonable sentence."

## DISCUSSION

Sheikh argues that the Fifth and Sixth Amendments require that district courts may only sentence defendants based on facts alleged in the indictment. He contends that the district court violated his constitutional rights by enhancing his sentence on the basis of a fact—the loss amount—not alleged in the indictment. We disagree.

The Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime

beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In federal prosecutions, under the Due Process Clause of the Fifth Amendment and the notice guarantee of the Sixth Amendment, such facts must be charged also in the indictment. *Jones v. United States,* 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). The Supreme Court's subsequent decision in *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), where it considered "whether the omission from a federal indictment of a fact that enhances the statutory maximum sentence justifies a court of appeals' vacating the enhanced sentence," *id.* at 627, 122 S.Ct. 1781, is inapposite to the resolution of Sheikh's claim. Here, although the indictment did not allege a specific loss amount attributable to Sheikh's conduct, that fact did not enhance the maximum sentence to which Sheikh was exposed under either § 371, which provides a statutory sentencing range of 0 to 5 years, or § 1341, which provides a statutory sentencing range of 0 to 20 years. The Guidelines range of 46 to 57 months considered by the district court, and the 46–month concurrent sentence the court imposed, were below the statutory maxima for Sheikh's offenses of conviction. So long as the facts found by the district court do not increase the sentence beyond the statutory maximum authorized by the verdict or trigger a mandatory minimum sentence not authorized by the verdict that simultaneously raises a corresponding maximum, the district court does not violate a defendant's Fifth or Sixth Amendment rights by imposing a sentence based on facts not alleged in the indictment. Thus, in the *instant* case, the district court did not violate Sheikh's constitutional

rights by imposing a sentence based on a loss amount not alleged in the indictment.

## CONCLUSION

For the foregoing reasons, and those stated in the summary order previously filed, we AFFIRM the judgment of the district court.