# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1975

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Clinton L. McGhee, | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: December 13, 2005
Filed: March 24, 2006

_____

Before BYE, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

The government appeals Clinton McGhee's sentence. McGhee pleaded guilty to possession with intent to distribute crack cocaine and possession of a firearm. At sentencing, the government sought to enhance his sentence because he recklessly created a substantial risk of death or serious bodily injury to others when he fled from the police. The district court found that it could not apply the enhancement because the enhancement had not been alleged in the indictment or admitted by the defendant at the time of the plea, citing United States v. Booker, 543 U.S. 220 (2005). According to the presentence investigation report (PSR), the pertinent factual portions of which the defendant did not object to, with the enhancement, the defendant's guidelines range would have been 235 to 293 months for the drug charge. Without

the sentencing enhancement, the district court determined that the range was 188 to 235 months for the drug charge, and sentenced McGhee to 192 total months (132 months for the drug charge, and a consecutive statutorily mandated 60-month sentence for the gun charge).

We reverse. In <u>Booker</u>, the Court specifically held that sentencing factors need not be proven beyond a reasonable doubt so long as the guidelines are non-mandatory. <u>Id.</u> at 233, 244-47. The Court's remedial portion of the <u>Booker</u> opinion rendered the guidelines advisory. <u>Id.</u> at 244-47. Our post-<u>Booker</u> jurisprudence adheres to this principle, and clearly sets forth the standards district courts should use in sentencing. <u>United States v. Haack</u>, 403 F.3d 997, 1002-03 (8th Cir.) (outlining sentencing procedure, and noting that a sentencing judge is entitled to find facts appropriate for determining either a guidelines or a non-guidelines sentence), <u>cert. denied</u>, 126 S. Ct. 276 (2005); <u>United States v. Shannon</u>, 414 F.3d 921, 923 (8th Cir. 2005) (setting forth the district court's post-<u>Booker</u> sentencing procedure).

The district court erroneously refused to consider the unobjected-to facts in the PSR when calculating McGhee's guidelines sentence. Considering the disparity between the PSR's calculated range and the range ultimately applied by the district court, the error was not harmless. Accordingly, we reverse and remand for re-sentencing. <u>See</u> <u>United States v. Mashek</u>, 406 F.3d 1012, 1016-17 (8th Cir. 2005) (noting that if the sentence imposed was the result of miscalculating the guidelines, we remand for re-sentencing absent harmless error).

_____