**UNITED STATES of America,**
**Appellee,**

v.

**Alie Manuel Dejesus ELLIOT,**
**Defendant–Appellant.**

No. 05–4939.

United States Court of Appeals,
Second Circuit.

June 5, 2006.

Timothy Austin, Assistant Federal Public Defender (Molly Corbett, on the brief), New York, NY, for Appellant.

Glenn T. Suddaby, United States Attorney for the Northern District of New York

(Brenda K. Sannes, Edward P. Grogan, Assistants United States Attorneys, of counsel), New York, NY, for Appellee.

PRESENT: ROBERT D. SACK and ROBERT A. KATZMANN, Circuit Judges, and J. GARVAN MURTHA,* District Judge.

## SUMMARY ORDER

The defendant, Alie Manuel Dejesus Elliot, appeals his sentence of forty-six month's imprisonment following a judgment of conviction for illegal reentry after being convicted of an aggravated felony under 8 U.S.C. § 1326(a) and § 1326(b)(2). On appeal, Elliot argues that § 1326(b)(2) is unconstitutional, and that the 16–level sentence enhancement for his prior conviction violated the Sixth Amendment because it affected his sentence but was not proven beyond a reasonable doubt. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues presented on appeal.

Elliot first argues that the Sixth Amendment guarantees him the right to have his past aggravated felony conviction under § 1362(b)(2) proven beyond a reasonable doubt. This argument is foreclosed by the Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 239–46, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Estrada*, 428 F.3d 387, 391 (2d Cir.2005) ("While we acknowledge a tension between the spirit of *Booker*—that all facts that fix mandatorily a defendant's sentence should be found by a jury or admitted by the defendant—and the Supreme Court's decision in *Almenda-*

*rez–Torres*, the 'prior conviction' exception nonetheless remains the law.").

Elliot next argues that the sixteen-level sentence enhancement he received on the ground that his prior conviction was for drug-trafficking, U.S.S.G. § 2L1.2(b)(1)(a)(i), violates the Sixth Amendment, because it increased his sentence and yet was not proven beyond a reasonable doubt to a jury. But district courts may find facts for the purposes of calculating Guideline sentences without running afoul of the Fifth or Sixth Amendment "as long as those facts do not increase the penalty beyond the prescribed statutory maximum sentence or trigger a mandatory minimum sentence that simultaneously raises a corresponding maximum." *U.S. v. Sheikh*, 433 F.3d 905, 905–06 (2d Cir.2006). Because the sixteen-level enhancement only brought Elliot's sentence to forty-six months—well below the twenty-year legislative maximum of § 1326(b)(2)—the district court's enhancement did not violate Elliot's Sixth Amendment rights.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.