# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3560

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Adu-Ansere Kwame Okai, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 14, 2006
Filed: July 20, 2006

_____

Before BYE, LAY, and RILEY, Circuit Judges.

_____

LAY, Circuit Judge.

## I. BACKGROUND

Adu-Ansere Kwame Okai was indicted for uttering counterfeit currency with the intent to defraud (Count I) and unlawfully possessing counterfeit identification documents (Count II), in violation of 18 U.S.C. §§ 472 and 1028(a)(6). In April 2005, Okai pleaded guilty to Count I of the indictment.

The presentence investigation report ("PSR") calculated Okai's base offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") at nine, and added a four-level enhancement under U.S.S.G. §§ 2B5.1(b)(1)(B) and

2B1.1(b)(1)(C) (collectively "§ 2B1.1(b)(1)(C)") for causing a loss of over $10,000, and a two-level enhancement under U.S.S.G. § 2B5.1(b)(5) for committing part of the offense outside the United States. Okai was credited with a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), yielding a total offense level of thirteen. The PSR assigned Okai a criminal history category of II, owing to his one prior conviction for fraudulent use of a social security number. The PSR's final calculation recommended an advisory Guidelines sentence of fifteen to twenty-one months' imprisonment.

At sentencing, Okai objected to the enhancements on constitutional grounds. The district court sustained these objections and further determined that the facts alleged in the PSR to support the enhancements were in dispute. The district court then calculated Okai's base offense level at nine. The court reduced Okai's offense level by two for acceptance of responsibility and assigned him a criminal history category of II, yielding an advisory Guidelines sentence of two to eight months' imprisonment. The district court imposed a term of eight months' imprisonment, with credit for time served, and three years' supervised release.[1]

Okai completed his sentence on September 9, 2005 and was deported to Ghana on September 21, 2005.[2] The government now appeals the district court's sentence.

---

[1]Okai subsequently pleaded guilty to Count II of the indictment and was sentenced to seven months' imprisonment and three years' supervised release, to run concurrently with the sentence imposed on Count I.

[2]Okai initially filed a motion to dismiss this appeal, arguing it was moot because he has since been deported to Ghana. We denied this motion because, in the event our court were to vacate Okai's sentence and remand for resentencing, the district court might well impose a longer term of imprisonment. The possibility that Okai might re-enter the United States of his own accord would therefore expose him to further incarceration – a contingency that renders the present appeal justiciable. See United States v. Diaz-Diaz, 135 F.3d 572, 578-79 (8th Cir. 1998).

## II. DISCUSSION

### A.     Sentencing Enhancements and the Indictment

We first address the government's claim that the district court erred when it ruled that it could not enhance Okai's sentence under U.S.S.G. §§ 2B1.1(b)(1)(C) and 2B5.1(b)(5) because the facts supporting each respective enhancement were not alleged in the indictment.  Because the district court's analysis was predicated on constitutional considerations, we review this issue de novo. United States v. Johnson, 56 F.3d 947, 953 (8th Cir. 1995).

One of the primary purposes of the indictment is to give the defendant clear notice of the allegations he will have to defend himself against at trial. United States v. Allen, 406 F.3d 940, 946 (8th Cir. 2005) (citing United States v. Miller, 471 U.S. 130, 134-35 (1985)).  To this end, the Due Process Clause of the Fifth Amendment and the notice guarantee of the Sixth Amendment mandate that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment . . . ." Jones v. United States, 526 U.S. 227, 243 n.6 (1999).  Prior to the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the highest point in the defendant's base sentencing range under the United States Sentencing Guidelines determined the operative maximum sentence. United States v. Grier, 449 F.3d 558, 565 (3d Cir. 2006) (citing Booker).  In Booker, the Court severed and excised the mandatory provisions of the Guidelines and, in so doing, re-established the maximum sentence by reference to the penalty provision provided by Congress in the statute of conviction. Id. at 566-67.  Thus, after Booker, facts underlying sentencing enhancements that are not used to increase the defendant's sentence above the congressionally authorized maximum need not be alleged in the indictment to pass constitutional muster. See United States v. Sheikh, 433 F.3d 905, 906-07 (2d Cir. 2006); United States v. Thomas, 446 F.3d 1348, 1355 (11th Cir. 2006); see, e.g., United States v. Gamboa, 439 F.3d 796, 811-12 (8th Cir. 2006)

(stating that sentencing facts which do not increase the defendant's sentence above the maximum may be properly considered by the sentencing court) .

In this case, Okai pleaded guilty to violating 18 U.S.C. § 472, which carries a twenty-year maximum term of imprisonment. Even if the sentencing court had increased Okai's sentence under both U.S.S.G. §§ 2B1.1(b)(1)(C) and 2B5.1(b)(5), the resulting sentence imposed could not have exceeded the statutory maximum. Therefore, the district court erred. United States v. McGhee, 441 F.3d 605, 605-06 (8th Cir. 2006) (per curiam). Moreover, "[c]onsidering the disparity between the PSR's calculated range and the range ultimately applied by the district court, the error was not harmless." Id. at 606.

## B.     Standard of Proof at Sentencing

The government next argues the district court erred when it required the prosecution to prove the facts supporting the U.S.S.G. §§ 2B1.1(b)(1)(C) and 2B5.1(b)(5) enhancements beyond a reasonable doubt.[3] In its memorandum opinion, the district court stated that it would apply the "beyond a reasonable doubt" standard at sentencing to avoid violating Okai's due process rights.[4] However,

---

[3]It is unclear from the record whether the district court chose not to apply the § 2B5.1(b)(5) enhancement, in part, because the facts supporting the two-level increase were not proven beyond a reasonable doubt. We assume, for purposes of consistency, that it did.

[4]The district court also stated that it did not believe a sentence based on Guidelines enhancements that are not proven beyond a reasonable doubt could yield a reasonable sentence. However, because the district court did not properly calculate Okai's advisory Guidelines calculation in the first instance, and because the resulting error was not harmless, the scope of our review precludes us from reaching the reasonableness issue. United States v. Mashek, 406 F.3d 1012, 1017-18 (8th Cir. 2005). We note only that the decision to grant a variance from an advisory Guidelines sentence must "be justified by reference to circumstances identified in [18 U.S.C.

decisions from our court have firmly established that sentencing facts found by a preponderance of the evidence, whether under a mandatory or advisory Guidelines regime, generally comport with due process. E.g., United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006); United States v. Gooden, 892 F.2d 725, 727-28 (8th Cir. 1989); see also McMillan v. Pennsylvania, 477 U.S. 79, 91-92 (1986). Although we have recognized that due process may require sentencing courts to apply a higher standard of proof in situations where the sentencing enhancement becomes the "tail which wags the dog of the substantive offense," United States v. Townley, 929 F.2d 365, 369 (8th Cir. 1991) (quoting McMillan, 477 U.S. at 88), this case presents no such question, and we decline to address it now.

By applying the "beyond a reasonable doubt" standard at sentencing, the district court afforded Okai more protection than due process requires. While this decision does not itself constitute error, see e.g., United States v. Murphy, 899 F.2d 714, 717 (8th Cir. 1990), the issue before us today concerns whether this standard of proof nevertheless runs afoul of the sentencing procedure prescribed by the United States Supreme Court, and our court, after Booker. We review de novo the district court's interpretation and application of the advisory Guidelines. United States v. Blazek, 431 F.3d 1104, 1109 (8th Cir. 2005).

Under U.S.S.G. § 6A1.3(a), the relevant conduct supporting a sentencing enhancement may be found by the sentencing court so long as there is "sufficient indicia of reliability to support its probable accuracy." The commentary to U.S.S.G. § 6A1.3 further provides the Sentencing Commission's view that "use of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concerns in resolving disputes regarding application of the guidelines to the facts of a case." United States Sentencing Guidelines § 6A1.3

_____

§ 3553(a)]."). United States v. Goody, 442 F.3d 1132, 1134 (8th Cir. 2006).

therefore plainly authorizes courts to apply all sentencing enhancements that are proven by a preponderance of the evidence.

The United States Supreme Court's decision last year in <u>Booker</u>, and our decisions interpreting and applying it, make clear that a proper advisory Guidelines calculation remains a critical starting point in determining a criminal defendant's individualized sentence. <u>Booker</u>, 530 U.S. at 264; <u>Mashek</u>, 406 F.3d at 1016 n.4. However, by requiring sentencing facts to be proven beyond a reasonable doubt, the sentencing court deprives itself of the full benefit of the presumptively reasonable advice that is otherwise made available by the Guidelines under U.S.S.G. § 6A1.3 and mandated by <u>Booker</u>.[5] <u>United States v. Lincoln</u>, 413 F.3d 716, 717 (8th Cir. 2005) (stating that a sentence within the advisory Guidelines range is presumptively reasonable).

We therefore hold that, in most cases (i.e., cases that do not involve the circumstances described in <u>Townley</u>), U.S.S.G. § 6A1.3 requires sentencing courts to apply Guidelines enhancements that are proven by a preponderance of the evidence, and the district court's failure to do so in this instance resulted in an incorrect advisory Guidelines calculation. Given the difference between the PSR's recommended Guidelines range and the range calculated by the district court, the error was not harmless. <u>See</u> <u>McGhee</u>, 441 F.3d at 606.

---

[5]Additionally, our decision to apply a uniform standard of proof at sentencing further "ensures fidelity to Congress's goal of diminishing sentencing disparities." <u>Mashek</u>, 406 F.3d at 1016.

## C.    The Factual Allegations Set Forth in the PSR

Lastly, the government argues the district court erred when it did not adopt the facts alleged in the PSR because the court incorrectly believed them to be in dispute. We review this claim for clear error.  United States v. Poor Bear, 359 F.3d 1038, 1042 (8th Cir. 2004).

The record reveals that Okai raised generalized constitutional objections to the sentencing enhancements.  However, Okai made no objections to the specific facts supporting each respective enhancement and, therefore, "[b]y not objecting to the PSR's factual allegations, [Okai] has admitted them."  United States v. Cullen, 432 F.3d 903, 905 (8th Cir. 2006) (holding that the defendant's failure to object to the facts underlying a sentencing enhancement rendered those facts admitted, even though the defendant made an objection to the enhancement generally).  As such, the district court erred.

## III.  CONCLUSION

For the aforementioned reasons, we vacate Okai's sentence and remand for resentencing in proceedings consistent with this opinion.

_____