# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3051

_____

United States of America,      *
      *
      Appellee,     *
      *    Appeal from the United States
      v.     *    District Court for the
      *    District of South Dakota.
Southy Thepmontry,     *
      *    [UNPUBLISHED]
      Appellant.     *

_____

Submitted: September 6, 2006
Filed: September 14, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After a jury found Southy Thepmontry guilty of conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, the district court[1] sentenced him to 200 months in prison and 3 years of supervised release. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), and Thepmontry has filed a pro se supplemental brief. For the reasons discussed below, we affirm the judgment of the district court and grant counsel's withdrawal motion.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

Counsel argues that the district court erred by determining the drug quantity for which Thepmontry was responsible at sentencing because a key witness was not credible. We conclude that the district court did not clearly err. See Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) (district court's finding based on credibility determination is virtually never clear error so long as it is not internally inconsistent or based on testimony that is incoherent, implausible, or contradicted by objective evidence); United States v. Milton, 153 F.3d 891, 898 (8th Cir. 1998) (standard of review).

Turning to Thepmontry's pro se arguments, we previously have rejected the contention that Guidelines enhancements must be charged in the indictment and proved to the jury beyond a reasonable doubt. See United States v. Okai, 454 F.3d 848, 850-52 (8th Cir. 2006). We also conclude that the district court did not abuse its discretion by not appointing an interpreter at Thepmontry's competency examination. See Luna v. Black, 772 F.2d 448, 451 (8th Cir. 1985) (per curiam) (discussing when interpreter is required); United States v. Coronel-Quintana, 752 F.2d 1284, 1291 (8th Cir. 1985) (standard of review). As to Thepmontry's claim of ineffective assistance of counsel, it must be raised (if at all) in a 28 U.S.C. § 2255 motion. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006) (this court "will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent").

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we conclude that there are no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____