**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

-------

**No. 06-4289**

-------

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT MINTER, SR.,

Defendant - Appellant.

-------

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (3:04-cr-00026)

-------

Submitted: September 27, 2006        Decided: October 23, 2006

-------

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

-------

Affirmed by unpublished per curiam opinion.

-------

Deirdre H. Purdy, BAILEY & GLASSER, LLP, Charleston, West Virginia,
for Appellant.  Charles T. Miller, United States Attorney,
Stephanie L. Haines, Assistant United States Attorney, William P.
Margelis, Third Year Law Student, Huntington, West Virginia, for
Appellee.

-------

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert Minter, Sr. appeals his sentence at the low end of his advisory guideline range to forty-one months in prison and three years of supervised release after pleading guilty to distributing a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). On appeal, Minter contends the district court violated the Due Process Clause of the Fifth Amendment by finding his relevant conduct and determining his advisory range based on a preponderance of the evidence. We affirm.

We will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). A sentence within a properly calculated advisory guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This presumption can only be rebutted by showing the sentence is unreasonable when measured against the factors under 18 U.S.C. § 3553(a) (2000). United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), pet. for cert. filed, ___ U.S.L.W. ___ (July 21, 2006) (No. 06-5439). In considering the district court's calculation of the advisory range, we review its factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

As we have recognized, judges continue to base sentencing decisions after <u>United States v. Booker</u>, 543 U.S. 220 (2005), on a preponderance of the evidence. <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). Moreover, a district court's findings by a preponderance of the evidence after <u>Booker</u> do not violate the Due Process Clause. <u>See</u> <u>United States v. Okai</u>, 454 F.3d 848, 851-52 (8th Cir. 2006); <u>United States v. Vaughn</u>, 430 F.3d 518, 525 (2d Cir. 2005), <u>cert. denied</u>, <u>Lindo v. United States</u>, 126 S. Ct. 1665 (2006). Because Minter's sentence was within a properly calculated advisory guideline range, and he has not rebutted the presumption of reasonableness, we conclude the sentence is reasonable.

Accordingly, we affirm Minter's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>