# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3286

_____

United States of America,

     Appellee,

v.

 Larry K. Miller,

     Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*    [UNPUBLISHED]
\*

_____

Submitted: January 10, 2007
Filed: January 29, 2007

_____

Before LOKEN, Chief Judge, BYE and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Larry K. Miller to a 108-month sentence after he pleaded guilty to two counts of distributing methamphetamine. We affirm.

Miller argues his Fifth and Sixth amendment rights were violated by an unreasonably long sentence, the plea agreement was "illusory" for lack of consideration and, in the alternative, the government breached the agreement when it requested his sentence be enhanced based on his relevant conduct.

_____

[1] The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

A two-stage standard of review applies to sentences imposed by district courts. In the first step we review the district court's application of the sentencing guidelines de novo and its factual findings for clear error. Then the sentence is reviewed for reasonableness based on 18 U.S.C. § 3553(a) factors. United States v. Wallace, 413 F.3d 734, 743 (8th Cir. 2005). The review for reasonableness under United States v. Booker, 543 U.S. 220 (2005), is akin to abuse of discretion review. United States v. Rogers, 423 F.3d 823, 829 (8th Cir. 2005). A district court's relevant-conduct findings are reviewed for clear error. United States v. Ault, 446 F.3d 821, 823 (8th Cir. 2006).

Miller argues courts are required to use the "beyond a reasonable doubt" standard to determine any facts during the sentencing phase of the trial. This is simply not the case; we have held due process is satisfied when sentencing facts are found by a preponderance of the evidence. United States v. Okai, 454 F.3d 848, 851 (8th Cir. 2006).

Miller claims his sentence is unreasonable within the meaning of Booker because the district court failed to consider the factors set forth in § 3553(a) to determine whether to impose sentence under the guidelines or a non-guideline sentence. This cannot be supported by the record in this case. The district court specifically noted that the sentence imposed addressed objectives of just punishment, deterrence, and incapacitation – all § 3553(a) objectives. Moreover, we have made it clear nothing in § 3553(a) or in the Booker remedy opinion requires robotic incantations that each statutory factor has been considered. United States v. Lamoreaux, 422 F.3d 750, 756 (8th Cir. 2005).

Miller's argument about his plea agreement being illusory also fails. The government's promise not to seek any further charges against Miller arising from the underlying facts represents far more than a peppercorn of consideration to Miller.

Likewise, nothing in the plea agreement forbade the government from presenting additional evidence at the sentencing hearing.

The judgment is affirmed.

_____