# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2938

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Patricia Amason, also known as | * | |
| Patricia Pagon, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 11, 2009
Filed: March 30, 2009

_____

Before GRUENDER, ARNOLD and BENTON, Circuit Judges.

_____

PER CURIAM.

Patricia Rose Amason pled guilty to one count of assisting the preparation of a false tax return. The district court sentenced her to 15 months imprisonment and $350,974 restitution. Amason appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court affirms in part and remands to amend the amount of restitution.

I.

The pre-sentence investigation report found that Amason caused a total tax loss of $350,974 by assisting the preparation of several false tax returns. The PSR recommended a guideline sentencing range of 24 to 30 months based on that loss. At sentencing, the government presented testimony of an IRS agent explaining the calculation of the tax loss.

Amason objected to the recommended sentencing range, pointing out that the loss from the count of conviction was $2,547. The court sustained Amason's objection and calculated a range of 0 to 6 months, noting that it did not consider relevant conduct in calculating the guideline sentence.

The court then stated that the newly calculated guideline range would result in a "miscarriage of justice" and decided to "depart upward five levels," resulting in a range of 12 to 18 months. The court reviewed the 18 U.S.C. § 3553(a) factors. The court imposed a sentence of 15 months of imprisonment and $350,974 in restitution.

II.

Amason argues that the guideline range should have been based solely on the $2,547 tax loss from the count of conviction. The government urges that the entire tax loss of $350,974 is relevant conduct that should have been taken into account in determining the guideline range. The sentencing guidelines require a district court to consider all the defendant's relevant conduct, proved by a preponderance of the evidence, in determining an advisory sentencing range. *See* U.S.S.G. § 1B.1.3; *United States v. Okai*, 454 F.3d 848, 852 (8th Cir. 2006). Relevant conduct includes all acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction. *See* U.S.S.G. §§ 1B1.3(a)(2), 3D1.2(d). In determining the total tax loss attributable to the offense, all conduct violating the tax

laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated. U.S.S.G. § 2T1.1(c)(1) cmt. application n.2. Amason's involvement in preparing other false tax returns was part of the same course of conduct (or common scheme or plan) as the offense to which she pled guilty. Therefore, the court committed procedural error in determining an advisory range based on a loss of only $2,547. Since this error resulted in a shorter advisory sentence than prescribed by the guidelines, it was harmless to Amason. *See United States v. Henson*, 550 F.3d 739, 740-41 (8th Cir. 2008) (procedural errors at sentencing are reviewed for harmlessness).

Amason objects to the variance labeled "five levels" by the district court. This court must evaluate the sentence for substantive reasonableness, applying a "totality of the circumstances" analysis. *United States v. Anderson*, 533 F.3d 623, 633-34 (8th Cir. 2008). The district court, considering the 18 U.S.C. § 3553(a) factors, adequately explained its sentence. Taking into account the totality of the circumstances, Amason's sentence is substantively reasonable. The district court did not abuse its discretion in sentencing Amason. *See United States v. Austad*, 519 F.3d 431, 434 (8th Cir. 2008) (this court reviews sentences under an abuse-of-discretion standard).

Next, Amason contends (and the government agrees) that the district court erred in determining the amount of restitution. The amount of restitution in a criminal case must be limited to the loss attributable to the specific offense of conviction and may not include losses resulting from relevant conduct. *Hughey v. United States*, 495 U.S. 411, 420 (1990). The loss associated with the offense of conviction was $2,547, but Amason was ordered to pay $350,974 in restitution. The amount of restitution ordered was erroneous.

Amason also asserts that the district court should have ordered joint and several liability for restitution. Amason's obligation to pay does not include amounts that the

IRS has collected or will collect from other sources. *See United States v. Nucci*, 364 F.3d 419, 422-24 (2d Cir. 2004). The district court was not required, however, to specify this limit in its restitution order. *See United States v. Scott*, 270 F.3d 30, 52 (1st Cir. 2001).

## III.

The judgment is affirmed, except that the case is remanded to amend the amount of restitution.

_____