*United States v. Olmeda*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22ⁿᵈ day of June, two thousand eighteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
PIERRE N. LEVAL,
*Circuit Judge*,
ANDREW L. CARTER,*
*District Judge.*

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                      15-3449

ANTONIO OLMEDA,

*Defendant-Appellant*.

---

\* Judge Andrew L. Carter, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellee:                                         Shane T. Stansbury, Sarah K. Eddy, Assistant United States Attorneys, for Geoffrey Berman, United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant:                  Antonio Olmeda, *pro se*, Dannemora, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** with instructions to vacate the sentence and resentence in a manner consistent with the accompanying opinion.

Defendant-Appellant Antonio Olmeda appeals from a judgment of the Southern District of New York (Berman, *J.*), entered October 15, 2015, sentencing him to 151 months' imprisonment. Olmeda was arrested in possession of two firearms, live ammunition, and shell casings. Later searches of his home and storage locker revealed a cache of more than 20 firearms, including semiautomatic weapons and a sawed-off shot gun. Olmeda elected to proceed *pro se* and pleaded guilty to a six-count indictment, which alleged three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and three counts of possession of unregistered firearms, in violation of 26 U.S.C. §§ 5845, 5861(d). Olmeda proceeds *pro se* on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Each of the arguments discussed herein are without merit; however, for the reasons stated in an opinion issued simultaneously with this summary order, we REMAND with instructions to vacate the sentence and resentence in a manner consistent with the opinion.

2

## I.    Double Jeopardy

Olmeda argues that his convictions under both 26 U.S.C. §§ 5845, 5861(d) and 18 U.S.C. § 922(g)(1) violate the Double Jeopardy Clause.   We review a double jeopardy challenge *de novo*. *See United States v. Basciano*, 599 F.3d 184, 196 (2d Cir. 2010).   Courts apply the *Blockburger* test to double jeopardy claims, and determine whether "each [charged] offense contains an element not contained in the other [offenses]."   *United States v. Dixon*, 509 U.S. 688, 696 (1993) (reaffirming the *Blockburger* test).   We have previously considered a claim that a conviction of both 26 U.S.C. § 5861(d) and 18 U.S.C. § 922(g)(1) violates the Double Jeopardy Clause, and rejected it, holding that:

> There is no question that the offenses of possession of unregistered weapon, in violation of 26 U.S.C. § 5861(d), and possession of a weapon as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1), are distinct offenses, each including at least one element that the other does not, and there is no indication here that Congress intended that a defendant convicted of both a § 922(g)(1) offense and a § 5861(d) offense not be punished cumulatively for both.

*United States v. Concepcion*, 983 F.2d 369, 391 (2d Cir. 1992) (internal citations omitted). Because Olmeda was charged with these "distinct offenses," his double jeopardy challenge fails. *Id.*

## II.   Procedural Reasonableness of the Sentence

We review a sentence for procedural reasonableness under a "deferential abuse-of-discretion standard."   *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).   Procedural review must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately

3

explain the chosen sentence." *Gall*, 552 U.S. at 51. We review the district court's interpretation of the Guidelines *de novo*, and its findings of fact (including those made after a *Fatico* hearing) for clear error. *United States v. Salim*, 549 F.3d 67, 72–74 (2d Cir. 2008).

The district court properly calculated the Guidelines. First, the 4-level increase under § 2K2.1(b)(1)(B) for an offense involving 8 to 24 firearms was appropriate because the indictment listed the 22 firearms Olmeda possessed and he pleaded guilty to all counts in the indictment. Second, the 4-level increase for an obliterated serial number was appropriate because the Government provided a Bureau of Alcohol, Tobacco, Firearms, and Explosives's inventory report that described the evidence seized from Olmeda's storage locker, which included a .45 caliber semi-automatic pistol with an obliterated serial number. This satisfies the preponderance of the evidence standard. *See United States v. Carmona*, 873 F.2d 569, 575 (2d Cir. 1989). Moreover, although this fact was not alleged in the indictment, it was permissible for the court to use it in calculating his sentence because it did not result in an increase beyond the statutory maximum. *See United States v. Sheikh*, 433 F.3d 905, 906 (2d Cir. 2006).

Additionally, we see no error, clear or otherwise, in the district court's finding that the *Fatico* hearing supported a 4-level enhancement for possessing a firearm in connection with another felony offense. Witness and ballistic evidence supported the finding that Olmeda attempted to assault two police officers and that he was later arrested with the same gun that he had used in the attempt. Olmeda need not be found guilty of this offense for the enhancement to apply. *See* U.S.S.G. § 2K2.1(b)(6)(B).

Olmeda's contention that the district court raised his offense level beyond a cap of 29 is incorrect. As the Guidelines require, his offense level for § 2K1.1(b)(1) through (b)(4) was capped at 29. U.S.S.G. § 2K2.1(b)(4). The 4-level increase for possession of a weapon that was

4

used in another felony was pursuant to § 2K2.1(b)(6) and thus outside of the capped subsections.

Olmeda also argues that the district court erred by including a 1995 conviction in his criminal history because the conviction preceded his December 2011 offense by more than 15 years. However, U.S.S.G. § 4A1.2(e)(1) instructs district courts to "count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." Here, the district court's criminal history calculation was correct because Olmeda was incarcerated for a 1995 felony conviction though 1998, within 15 years of the offenses at issue here. And his contention that the district court erred by not granting him a downward departure is not reviewable on appeal because there is no indication that the district court believed it lacked the authority to depart. *United States v. Jackson*, 658 F.3d 145, 153–54 (2d Cir. 2011). To the contrary, the district court explicitly stated at sentencing that it had taken Olmeda's arguments about a departure into consideration.

Olmeda's arguments that the district court did not adequately explain its sentence and failed to provide a written statement of reasons are equally unavailing. The district court's explanation for the 151-month sentence—the seriousness of the crime and specific deterrence—was more than adequate and the district court did provide a statement of reasons notwithstanding the fact that it was not required to do so in this case. *See United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007); 18 U.S.C. § 3553(c).

The district court did not err in its application of U.S.S.G. § 5G1.2(d) by imposing Olmeda's terms of imprisonment on five counts to run currently at the statutory maximum of ten years and imposing the term of imprisonment on the sixth count to run consecutively. Olmeda claims that his 151-month sentence exceeds the statutory maximum, but the statutory maximum applies to an individual count and here the combined sentence was not greater than the total

punishment range calculated under the Guidelines. *United States v. Loeb*, 45 F.3d 719, 723 (2d Cir. 1995). And, because a defendant has no right to concurrent sentences, the district court did not err by ordering that the term of imprisonment on the sixth count run consecutively. *United States v. White*, 240 F.3d 127, 135–36 (2d Cir. 2001).

## III. Substantive Reasonableness of the Sentence

A sentence will be set aside on substantive grounds "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions, that is, when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Aldeen*, 792 F.3d 247, 255 (2d Cir. 2015) (internal quotation marks omitted). Here, as "in the overwhelming majority of cases, [Olmeda's] Guidelines sentence . . . fall[s] comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam) (quoting *United States v. Fernandez*, 446 F.3d 19, 27 (2d Cir. 2006)). Given the seriousness of his offense, the duration of the sentence is not "shocking" and the district court's focus on specific deterrence in the sentence was reasonable given Olmeda's repeat offenses and the potential harm to the public.

## IV. Reasonableness of the Term of Supervised Release

We review *de novo* questions of law related to the imposition of conditions of supervised release and "the conditions themselves" for abuse of discretion. *United States v. Reeves*, 591 F.3d 77, 80 (2d Cir. 2010). "[R]elease conditions must . . . be 'reasonably related' to certain prescribed sentencing factors and 'involve no greater deprivation of liberty than is reasonably necessary' to achieve the purposes of sentencing." *Id.* (alteration omitted) (quoting 18 U.S.C. § 3583(d)). The Guidelines state that "[i]f the court has reason to believe that the defendant is in need of

6

psychological or psychiatric treatment," it may impose a "condition requiring that the defendant participate in a mental health program approved by the United States Probation Office." U.S.S.G. § 5D1.3(d)(5).

The record revealed that Olmeda had a long history with weapons: his 1995 conviction was for possession of a flame thrower, 18 pipe bombs, 1,100 rounds of ammunition, an Uzi, a sawed-off shotgun, and a silencer, and his 2002 was conviction for possession of more than 300 rounds of ammunition. He continued to possess firearms despite these convictions. *Cf. United States v. Barajas*, 331 F.3d 1141, 1147 (10th Cir. 2003) (defendant's "long record of violent incidents supports the district court's conclusion that [he] needed mental health counselling"). And the district court stated that Olmeda's sentence was designed to deter him and to protect the public from further crime, factors that are reasonably related to the counseling condition. Additionally, the district court had ample opportunity to observe and interact with Olmeda during his case and to reasonably determine that mental health services were warranted. *See United States v. Lopez*, 258 F.3d 1053, 1057 (9th Cir. 2001) (holding that the record and the court's observations supported the imposition of mental health counseling). Thus, the imposed condition was reasonably related to Olmeda's "history and characteristics." 18 U.S.C. § 3553(a)(1).

IV.    **Right to Self-Representation**

"A defendant's right to self-representation plainly encompasses certain specific rights to have his voice heard. The *pro se* defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, . . . and to address the court . . . at appropriate points . . . ." *McKaskle v. Wiggins*, 465 U.S. 168, 174 (1984). The record shows that Olmeda was afforded these rights. He submitted numerous motions, objections, and sentencing submissions; the district court acknowledged receipt them and reviewed them with

7

Olmeda at conferences. It also granted Olmeda additional time for responses and ample opportunities to orally address the court. The district court approved forensic and DNA consultants for the *Fatico* hearing and responded to his objections at the sentencing hearing. In sum, nothing in the record suggests that Olmeda was prevented from participating in the sentencing proceedings or denied his right to represent himself, despite whatever difficulties he encountered as an incarcerated *pro se* litigant.

Each of the aforementioned arguments is without merit; however, for the reasons stated in an accompanying opinion, we **REMAND** with instructions to vacate the sentence and resentence in a manner consistent with the opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court