# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-2261

_____

United States of America

*Plaintiff - Appellee*

v.

Ferris T. Valentine, also known as Christopher Scott Bush

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Southern

_____

Submitted: May 2, 2022
Filed: May 5, 2022
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Ferris Valentine received a 262-month sentence after a jury found him guilty of two counts of armed bank robbery. *See* 18 U.S.C. §§ 2113(a), 2113(d), 2. An *Anders* brief suggests that the evidence was insufficient and the sentence is unreasonable. *See Anders v. California*, 386 U.S. 738 (1967). A pro se supplemental brief raises a host of other issues.

We conclude that the evidence was sufficient to allow the jury to find that Valentine committed both robberies. *See United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008) (articulating the standard of review); *see also United States v. Rogers*, 73 F.3d 774, 778 (8th Cir. 1996) (holding that "testimony at trial specifically connecting [a criminal defendant] to [a] bank robbery" was sufficient to uphold a jury verdict). We also conclude that the overall sentence is substantively reasonable. *See United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (stating that a within-Guidelines sentence is presumed reasonable). The record establishes that the district court[1] sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc).

Valentine's pro se arguments fare no better. There was no Due Process or Suspension Clause violation. *See Lewis v. Casey*, 518 U.S. 343, 350–51 (1996); *cf. Jones v. Hendrix*, 8 F.4th 683, 689–90 (8th Cir. 2021). And Valentine received sufficient notice of the challenged enhancements that the district court correctly applied. *See United States v. Okai*, 454 F.3d 848, 850–51 (8th Cir. 2006).

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and deny both the request for oral argument and the pending pro se motions.

––––––––––––––––––––––––––––

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.