07-1013-cr
United States  v. Marte Robles

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

————————————————

August Term, 2008

(Argued:  January 13, 2009                    Decided: April 9, 2009)

Docket No. 07-1013-cr (L)

————————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.

FRANCISCO MARTE ROBLES, also known as CHICO, also known as JULIO APONTE,
JOSE SALDANA, also known as EL PUERCO, HECTOR PENARANDA,

*Defendants-Appellants*.

————————————————————

BEFORE: HON. CHESTER J. STRAUB, HON. PETER W. HALL, *Circuit Judges*, and HON.
RICHARD K. EATON, *Judge.**

————————————————————

Defendant-Appellant Francisco Marte Robles ("Marte") appeals from a judgment of

conviction of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, entered

in the United States District Court for the Southern District of New York (Patterson, *J*.).  We

_____

* The Honorable Richard K. Eaton, of the United States Court of International Trade,
sitting by designation.

1

review here Marte's claim that the district court erred in calculating his Sentencing Guidelines range when it enhanced his sentence based on its finding beyond a reasonable doubt that Marte had conspired to commit offenses not specifically identified in the conspiracy count of the indictment as objects of the conspiracy. We also review Marte's claim that the district court improperly enhanced his sentence in reliance on "the same conduct" as that of which he had been acquitted. The Court finds no error. For the reasons stated herein and in an accompanying summary order, the judgment of conviction and the sentence are AFFIRMED.

_____

| For Appellee: | MARCUS A. ASNER, Assistant United States Attorney (Jonathan S. Kolodner, Assistant United States Attorney, *on the brief*), *for* Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, New York. |
|---|---|
| For Defendants-Appellants: | LLOYD EPSTEIN, Epstein & Weil, New York, New York. |
| | PETER J. GUADAGNINO, Elizabeth, New Jersey. |
| | LAWRENCE K. FEITELL, New York, New York. |

_____

PER CURIAM:

Defendant-Appellant Francisco Marte Robles ("Marte") appeals from a March 8, 2007, judgment by the United States District Court for the Southern District of New York (Patterson, *J.*) convicting him of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. The district court sentenced Marte principally to a 78-month term of imprisonment. On appeal, Marte claims: (1) the district court erred in admitting evidence of an uncharged bad act without

engaging in balancing under Fed. R. Evid. 403 and 404(b) and without providing a limiting instruction; (2) the district court's Hobbs Act jury instruction deprived him of his Sixth Amendment right to have the jury decide the "interstate commerce" element of his crimes and; (3) the district court erred in calculating his Sentencing Guidelines range when it enhanced his sentence based on (a) its finding beyond a reasonable doubt that Marte had conspired to commit offenses not specifically identified in the conspiracy count of the indictment as objects of the conspiracy and (b) "the same conduct" as that of which he had been acquitted. We review here Marte's challenges to the district court's determination of his sentence and find no error. We address in a separate summary order Marte's challenges to the court's evidentiary ruling and jury instructions. For the reasons stated herein and in the accompanying summary order, the judgment of conviction and the sentence are AFFIRMED.

**BACKGROUND**

Defendant-Appellant Marte participated in a violent police-impersonation robbery crew during the summer and fall of 2000. The robbery crew totaled approximately ten members, and included Marte and Defendants-Appellants Hector Penaranda and Jose Saldana, whose challenges on appeal are addressed in the accompanying summary order. The crew primarily targeted people whom they believed were involved in narcotics trafficking because they supposed that drug dealers would be more likely to have significant amounts of money and less likely to report to the police.

The superseding indictment filed on July 19, 2005, charged seven counts. Those relating to Marte are as follows: (1) Count One charged Marte, Saldana, Penaranda, and three other

3

defendants with conspiracy to "commit [Hobbs Act] robberies of drug dealers in Manhattan and the Bronx, New York . . . ," in violation of 18 U.S.C. § 1951; (2) Count Two charged Marte and Saldana with committing Hobbs Act robbery at 92 Pinehurst Avenue in Manhattan on July 25, 2000 (the "Pinehurst robbery"), in violation of 18 U.S.C. §§ 1951 and 2; (3) Count Three charged Marte, Saldana, and two other defendants with committing Hobbs Act robbery at 654 W. 161st Street in Manhattan on July 27, 2000 (the "161st Street robbery"), in violation of 18 U.S.C. §§ 1951 and 2; (4) Count Five charged Marte and Saldana with using, carrying, and possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924 (c)(1)(A)(ii) and (2); and (5) Count Six charged Marte, Saldana, and two other defendants with using, carrying, and possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924 (c)(1)(A)(ii) and (2).  [Red 2, JA 18]  The trial ended on June 26, 2006, when the jury found all four defendants guilty on Count One of the indictment.  The jury acquitted the defendants of the remaining substantive counts of the indictment.

Notwithstanding the jury's acquittal on the substantive charges, the district court found for purposes of calculating Marte's sentence for the conspiracy conviction that the Government had proven beyond a reasonable doubt that he had conspired to commit the Pinehurst and 161st Street robberies.  The court, therefore, considered those robberies as offenses that were the object of the Hobbs Act conspiracy and took them into account when determining Marte's sentence. The district court sentenced Marte principally to a 78-month term of imprisonment, within his calculated Guidelines range.

4

**DISCUSSION**

As relevant to this opinion, Marte raises several objections to his sentence. Marte's objections center on his claim that the district court erred when, in order to enhance his sentence, it found beyond a reasonable doubt that the Pinehurst and 161st Street robberies were objects of the conspiracy. First, Marte argues that the court erred in considering the robberies as objects of the conspiracy because these robberies were not specifically identified as objects of the conspiracy in the conspiracy count of the indictment. Marte contends that in considering the robberies nevertheless, the court (1) misapplied the United States Sentencing Guidelines (the "Guidelines") and (2) violated his Sixth Amendment right to a jury trial.[1] Second, Marte claims that the district court violated his Sixth Amendment right to a jury trial when it considered the robberies as objects of the conspiracy relevant to sentencing because—Marte asserts—the jury had acquitted him "as to the same conduct." Marte's challenges present questions of law, which this Court considers *de novo*. *See United States v. Sanchez*, 517 F.3d 651, 662 (2d Cir. 2008).

**A. Marte's claim that the court may not consider the robberies as objects of the conspiracy because the robberies were not identified as objects of the conspiracy in the conspiracy count of the indictment**

*1. Whether such consideration is a misapplication of the Sentencing Guidelines*

Marte contends that the Guidelines prohibit sentencing enhancements based on the objects of a conspiracy unless those objects are specifically identified in the conspiracy count of the indictment. He argues that although the Pinehurst and 161st Street robberies were charged as

---

[1] Marte nominally claims that the district court's consideration of the robberies as objects of the conspiracy create Fifth Amendment problems as well. His arguments in this regard essentially lie under the Sixth Amendment, however.

5

substantive offenses in the indictment, they were not specifically designated as the objects of the

conspiracy "*in the conspiracy count*" of the indictment. For that reason, the argument goes,

Application Note 4 of the Guidelines provision covering conspiracy convictions precludes the

judge from considering the undesignated robberies as objects of the conspiracy when calculating

the defendant's offense level under § 1B1.2(d) of the United States Sentencing Guidelines. *See*

United States Sentencing Guidelines ("U.S.S.G.") § 1B1.2(d) cmt. n. 4 (emphasis added).

> As we stated in *United States v. Cavera*:

> A district court should normally begin all sentencing proceedings by calculating, with the assistance of the Presentence Report, the applicable [Sentencing] Guidelines range. *Gall* [*v. United States*], 128 S. Ct. [586,] 596 [(2007).] . . . [T]he Guidelines provide the "starting point and the initial benchmark" for sentencing, *Gall*, 128 S. Ct. at 596, and district courts must "remain cognizant of them throughout the sentencing process," *id.* at 596 n. 6.

550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (citation omitted). The Guidelines Application

Instructions dictate that the provisions of the Guidelines Manual are to be applied in a specific

order. U.S.S.G. § 1B1.1. A sentencing court must first "[d]etermine, pursuant to § 1B1.2

(Applicable Guidelines), the offense guideline section . . . applicable to the offense of

conviction." *Id.* § 1B1.1(a). Guidelines § 1B1.2 provides, *inter alia*, that the court must "(a)

[d]etermine the offense guideline section in Chapter Two (Offense Conduct) . . ." and "(b) [a]fter

determining the appropriate offense guideline section . . . determine the applicable guideline

range in accordance with § 1B1.3 (Relevant Conduct)." *Id.* § 1B1.2(a)-(b).

Significant to the appeal we decide here, § 1B1.2(d) states: "A conviction on a count

charging a conspiracy to commit more than one offense shall be treated as if the defendant had

6

been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit." *Id.* § 1B1.2(d). Application Note 4 to U.S.S.G. § 1B1.2 comments that:

> Particular care must be taken in applying subsection (d) because there are cases in which the verdict or plea does not establish which offense(s) was the object of the conspiracy. In such cases, subsection (d) should only be applied with respect to an object offense alleged in the conspiracy count if the court, were it sitting as a trier of fact, would convict the defendant of conspiring to commit that object offense.

*Id.* § 1B1.2(d) cmt. n. 4.

The Government argues that Marte's position—that the above language requires any object offenses the judge considers at sentencing to be specifically named as object offenses *in the conspiracy count* of the indictment—is not mandated by the language of Application Note 4. We agree.

The construction of Application Note 4 places its emphasis not on the specificity of the conspiracy charge but on the standard of proof that must be satisfied to permit a court to find that a defendant conspired to commit particular object offenses and then to treat such findings as a sentencing factor in determining the defendant's offense level. This more rigorous standard of proof is a protection for the defendant and is imposed because of the impact that the determination of object offenses has on a defendant's sentence. We have previously stated as much, albeit in dicta, noting that: "As the Sentencing Commission made clear in promulgating this application note . . . it was required because: 'A higher standard of proof should govern the creation of what is, in effect, a new count of conviction for the purposes of Chapter Three, Part D (Multiple Counts).'" *United States v. Macklin*, 927 F.2d 1272, 1280 (2d Cir. 1991) (quoting

7

U.S.S.G. App. C. ¶ 75, at C. 36) (discussing then-U.S.S.G. § 1B1.2(d) cmt. n. 5, which contained the same language as the current Application Note 4).

Furthermore, the language of Application Note 4 appears to address itself to just such a situation as the one we encounter here, recommending "particular care," exercised in the form of a higher standard of proof, in "cases in which the verdict . . . does not establish which offense(s) was the object of the conspiracy." U.S.S.G. § 1B1.2(d) cmt. n. 4. If Application Note 4 required that the objects of a conspiracy be specifically named in the conspiracy count of an indictment, it would be difficult to imagine the reason for this comment's existence. A verdict of guilty on the conspiracy count in such a situation would establish with precision the offenses a judge could "permissibly" consider at sentencing, and there would be no occasion warranting the "particular care" recommended by Application Note 4. Additionally, as the government points out, limiting Section 1B1.2(d) in the way Marte suggests would conflict with the Guidelines precept that a defendant should be liable for the full scope of his or her criminal activity, including "all acts and omissions committed . . . by the defendant" as well as "all reasonably foreseeable acts and omissions of others . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *Id.* § 1B1.3 (a)(1).

The indictment, moreover, provided sufficient notice that the Pinehurst and 161st Street robberies could be considered as objects of the conspiracy. The indictment charged in Count One that Marte and others "conspired to commit robberies of drug dealers in Manhattan and the Bronx . . . ." This put Marte on notice of the nature of the objects of the charged conspiracy—robberies of drug dealers in Manhattan and the Bronx—and the fact that there were

8

multiple objects, *i.e.*, robberies in two different boroughs. In addition, Counts Two and Three of the indictment charged that Marte participated in specific robberies of drug dealers in Manhattan, one of which took place on Pinehurst Avenue and the other on W. 161st Street. Read as a whole, the indictment gave Marte both broad and specific notice as to offenses that the court might legitimately consider as objects of the conspiracy if it found beyond a reasonable doubt that Marte had conspired to commit those offenses. By its verdict, the jury found Marte guilty of having "conspired to commit robberies of drug dealers in Manhattan . . .." The judge's finding beyond a reasonable doubt that Marte had specifically conspired to commit the Pinehurst and 161st Street robberies is not inconsistent with the jury verdict finding Marte guilty of having conspired to commit multiple robberies of the very type planned for Pinehurst Avenue and W. 161st Street.

*2. Whether consideration of the robberies violates the Sixth Amendment*

To the extent Marte argues that the Sixth Amendment right to a jury trial requires the objects of a conspiracy to be specifically named in the conspiracy count of the indictment in order for the judge properly to consider those objects as relevant at sentencing, his argument is unavailing. We have previously ruled that:

> So long as the facts found by the district court do not increase the sentence beyond the statutory maximum authorized by the verdict or trigger a mandatory minimum sentence not authorized by the verdict that simultaneously raises a corresponding maximum, the district court does not violate a defendant's Fifth or Sixth Amendment rights by imposing a sentence based on facts not alleged in the indictment.

*United States v. Sheikh*, 433 F.3d 905, 906 (2d Cir. 2006) (where judge enhanced defendant's sentence based on a finding that defendant's fraud "crimes resulted in a loss of more than $400,000 but not more than $1,000,000" there was no constitutional violation because "although

9

the indictment did not allege a specific loss amount . . . that fact did not enhance the maximum sentence to which [the defendant] was exposed").

In addition, this Court has specifically stated that a "sentencing court's determinations on the *objects* of a multi-object conspiracy do not constitute criminal verdicts, such that a defendant's Sixth Amendment rights are violated." *United States v. Malpeso*, 115 F.3d 155, 168 (2d Cir. 1997) (emphasis added). This principle continues to stand in the context of U.S.S.G. § 1B1.2(d) even after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). This is so because, regardless of any enhancements imposed in accordance with U.S.S.G. § 1B1.2(d) based on the district court's finding of multiple objects of a conspiracy, U.S.S.G. § 5G1.1 prohibits the district court from imposing a sentence greater than the statutorily authorized maximum sentence for the single conspiracy count on which the jury has found the defendant guilty.[2]

While Guidelines § 1B1.2(d) directs a court to treat a jury's conviction on a count charging a multiple-object conspiracy "as if the defendant had been convicted on a separate count

---

[2] U.S.S.G. § 5G1.1 provides:

Sentencing on a Single Count of Conviction[:]
(a) Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.
(b) Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.
(c) In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence--
    (1) is not greater than the statutorily authorized maximum sentence, and
    (2) is not less than any statutorily required minimum sentence.

of conspiracy for each offense that the defendant conspired to commit," *id.* § 1B1.2(d), this direction exists solely for the purpose of enabling the court to calculate a defendant's sentence under the Guidelines. To put it another way, a court's determinations (beyond a reasonable doubt) that a defendant conspired to commit a certain number of object offenses remain determinations of sentencing factors. Section 1B1.2(d) is merely the imprimatur to treat each of those sentencing factors as a separate conspiracy conviction for purposes of determining a sentence *within* the Guidelines framework. These so-called "new counts of conviction," *see* *Macklin*, 927 F.2d at 1280 (quoting U.S.S.G. App. C. ¶ 75, at C. 36), do not transcend the Guidelines provision in § 5G1.1 such that a defendant could be exposed to a sentence above the statutory maximum for the one count of conspiracy for which the jury found him or her guilty. That being the case, there is no violation of such defendant's Sixth Amendment right to a jury trial.

**B. Marte's claim that the court's consideration of the robberies as objects of the conspiracy violated his Sixth Amendment right to a jury trial because the jury had acquitted him "as to the same conduct"**

Marte also argues that the district court may not enhance a defendant's sentence based on conduct the court has found the defendant committed when such finding is inconsistent with the jury's acquittal "as to the same conduct." Essentially, Marte contends that because the jury acquitted him of the *substantive* Pinehurst and 161st Street robbery charges, the district court erred at sentencing when it considered those same robberies to be *objects* of the conspiracy. Marte's argument misses the point because the substantive commission of a robbery is not, in fact, "the same conduct" as conspiring to commit that very same robbery. *See Salinas v. United States*, 522 U.S. 52, 65 (1997) ("It is elementary that a conspiracy may exist and be punished

11

whether or not the substantive crime ensues, for the conspiracy is a distinct evil, dangerous to the public, and so punishable in itself."); *United States v. Jackson*, 335 F.3d 170, 182 (2d Cir. 2003) ("As in all conspiracy cases, the essence of the crime is what the conspirators agreed to do, rather than what they actually did."). The jury's verdict standing for the fact that Marte failed to carry out the substantive robberies, therefore, does not preclude the district court from finding beyond a reasonable doubt that he *conspired* to commit those robberies. In accordance with Sentencing Guidelines § 1B1.2(d), the district court properly enhanced Marte's sentence based on its finding that the Pinehurst and 161st Street robberies were *objects* of the overall conspiracy of which Marte was convicted.

## CONCLUSION

We have considered all of Marte's arguments, and for the reasons stated herein and in an accompanying summary order, we AFFIRM the judgment of the district court.