09-0980-cr; 09-0983-cr
United States v. Acosta and Melo

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of March, two thousand ten.

PRESENT: DENNIS JACOBS,
<u>Chief Judge</u>,
ROBERT D. SACK,
PETER W. HALL
<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

<u>Appellee</u>,

-v.-                                           09-0980-cr;
                                               09-0983-cr

RAMON ACOSTA, also known as Juicy, also known as Arsenio Rodriguez, also known as Fnu Lnu, MANUEL MELO, also known as El Gago, also known as Gago,

<u>Defendants-Appellants</u>.
- - - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANTS:  MITCHELL J. DINNERSTEIN, Law Office of Mitchell J. Dinnerstein, New York, NY <u>for Defendant-Appellant Ramon Acosta</u>; THOMAS H. NOOTER, Freeman Nooter & Ginsberg, New York, NY, <u>for Defendant-Appellant Manuel Melo</u>.

1

**APPEARING FOR APPELLEE:**    TELEMACHUS P. KASULIS, (Michael Q. English, Katherine Polk Failla on the brief) for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from judgments of the United States District Court for the Southern District of New York (Marrero, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED.**

Co-defendants Ramon Acosta and Manuel Melo each appeal from judgments of conviction entered on March 9, 2009, in the United States District Court for the Southern District of New York (Marrero, J.) following an 11-day jury trial. Both were charged with various offenses related to their involvement in a robbery gang operating between 2003 and 2006.

Melo was convicted of (among other things) an attempted Hobbs Act robbery on June 23, 2004, and a subsidiary firearm offense. See 18 U.S.C. § 1951, 1952; 18 U.S.C. § 924(c)(1)(A). He argues--as he did in the district court under Rule 29--that the record supports no inference that he attempted to commit a crime of violence or threatened violence, a finding required by the statute. See 18 U.S.C.

2

§ 1951, 1952; Fed. R. Civ. P. 29. "A court may overturn a conviction on this basis only if, after viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in its favor, it finds that no rational trier of fact could have concluded that the Government met its burden of proof." United States v. Triumph Capital Group, Inc., 544 F.3d 149, 158 (2d Cir. 2008) (internal citations and quotation marks omitted); see also United States v. Florez, 447 F.3d 145, 154 (2d Cir. 2006) ("We review de novo a district court's denial of a Rule 29 motion, applying the same standard of sufficiency as the district court.").

Melo cannot satisfy this burden here. Melo points to testimony suggesting that the planners of the attempted robbery thought it would target a willing victim, who was in reality their accomplice; therefore, he argues, the crime was unlikely to involve violence. However, the robbery crew clearly accounted for the strong possibility that the willing-victim accomplice might be accompanied; that the public scene of the crime (a supermarket parking lot in Manhattan) would have bystanders who might intervene and need to be overcome; or that the willing-victim accomplice would change his mind. The ringleader brought four men (including Melo) and several weapons, including a loaded

3

gun, to commit the robbery. As the district court observed when denying the Rule 29 motion, "if the robbery was supposed to be of a willing victim then you wonder why did you need guns and knives. They could have gone in there and simply said, 'hand over the stuff.'" One inference available to the jury was that Melo attempted to commit a crime of actual or threatened violence. Cf. United States v. Skowronski, 968 F.2d 242, 247 (2d Cir. 1992), overruled by statute on other grounds as stated in United States v. Amato, 46 F.3d 1255, 1261 (2d Cir. 1995). Melo's attempted Hobbs Act robbery conviction and the associated firearm conviction (which he only challenges as subsidiary to the Hobbs Act conviction) are affirmed.

Acosta was convicted of (among other things) conspiracy to commit armed robberies under the Hobbs Act. See 18 U.S.C. § 1951. The conspiracy charge in the indictment alleged as overt acts that Acosta committed four robberies or attempted robberies in furtherance of the conspiracy. The district court found that the government proved beyond a reasonable doubt that Acosta conspired to commit each of the four robberies, and calculated Acosta's Sentencing Guideline range accordingly. Acosta argues that the district court's finding was procedurally unreasonable because it did not take into account the jury's not guilty verdict as to the

4

August 2003 robbery, see United States v. Vaughn, 430 F.3d 518, 527 (2d Cir. 2005) ("[D]istrict courts should consider the jury's acquittal when assessing the weight and quality of the evidence presented by the prosecution and determining a reasonable sentence."), and did not take into account the absence of a jury verdicts on the other robberies.

These arguments are unavailing. The district court acknowledged that the jury acquitted Acosta of one of the underlying robberies before finding the relevant facts. A district court can determine for sentencing purposes that a defendant conspired to commit an offense even after the jury has acquitted on the substantive offense. See United States v. Robles, 562 F.3d 451, 457 (2d Cir. 2009). We review the district court's factual findings for clear error. See United States v. Rubenstein, 403 F.3d 93, 99 (2d Cir. 2005). Under this standard, there was sufficient evidence to support the district court's finding.

Finding no merit in either Acosta or Melo's remaining arguments, we hereby **AFFIRM** the judgments of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK