Ramon ACOSTA, Petitioner,

v.

**UNITED STATES of America, Respondent.**

No. 10 Civ. 6945.
No. 07 Cr. 1150.

United States District Court, S.D. New York.

Dec. 20, 2010.

Ramon Acosta, Fairton, NJ, pro se.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Petitioner Ramon Acosta ("Acosta") brought this action pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. Acosta was found guilty after a jury-trial of conspiracy to commit robberies and committing armed robberies in violation of the Hobbs Act. 18 U.S.C. § 1951. The Court imposed a 294–month sentence of incarceration of Acosta. Acosta appealed his conviction to the Court of Appeals for the Second Circuit. He alleged denial of his right to trial by jury because the Court made certain factual findings in connection with sentencing. In particular, the Court considered one of the robberies with which Acosta was charged and of which the jury acquitted him. The Second Circuit affirmed Acosta's judgment of conviction and the sentence this Court imposed. *See United States v. Acosta,* 367 Fed.Appx. 259 (2d Cir.2010) (Summary Order).

In the instant petition, Acosta asserts several grounds for relief: (1) violation of his Sixth Amendment right to trial by jury in connection with sentencing enhancements based on the Court's findings of fact that Acosta had obstructed justice; (2) prosecutorial misconduct by procurement of a witness' testimony which Acosta asserts was false, and by failure to disclose evidence favorable to Acosta; (3) failure by the Court to consider sentencing factors relating to the Sentencing Guidelines for

illegal reentry and their effect on Acosta because, as an alien, he became deportable upon conviction; and (4) ineffective assistance of counsel because his attorney allegedly failed to object to the application of the Sentencing Guidelines and to perfect an appeal and raise significant issues in that regard.

■ The Court has reviewed Acosta's claims for relief and finds them meritless. First, the Court finds that Acosta's Sixth Amendment claim alleging improper judicial fact-finding of obstruction of justice in connection with sentencing is procedurally barred because he failed to raise it on direct appellate review and he has not shown either sufficient cause and actual prejudice, or that he is actually innocent. *See Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). This is an issue Acosta could have raised on his direct appeal, just as he asserted similar error with respect to charges of which Acosta was acquitted in this case. The Second Circuit considered and rejected Acosta's claim insofar as it pertained to his acquitted conduct. *See Acosta,* 367 Fed.Appx. at 261 (*citing United States v. Robles,* 562 F.3d 451, 457 (2d Cir.2009)). In any event, it does not violate the Sixth Amendment for a court at sentencing to enhance the defendant's penalties on account of conduct that the court finds constitutes obstruction of justice. *See United States v. Ayers,* 416 F.3d 131, 135–36 (2d Cir.2005) (finding that district court appropriately enhanced defendant's base offense level for obstruction of justice).

■ Second, Acosta's allegations of prosecutorial misconduct are insufficient. On a habeas review, the Court need not credit petitioner's conclusory allegations of Government misconduct. *See United States v. Romano,* 516 F.2d 768, 771 (2d Cir.1975); *Bartee v. United States,* No. 09

Civ. 1499, 2009 WL 4756434, at *1, *2 (S.D.N.Y. Dec. 7, 2009). This rule holds in particular where the petitioner's conclusory claim rests on challenging the truth of the testimony of a witness whose credibility the jury has evaluated. *See Maldonado v. Scully,* 86 F.3d 32, 35 (2d Cir.1996) ("[A]ssessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on [federal habeas] appeal; we defer to the jury's assessments of both of these issues."). Third, the Court finds that the illegal reentry-Guidelines or fast-track programs have no bearing on Acosta's sentencing for Hobbs Act robberies. Acosta's being eligible for deportation on account of his alien status is a legal consequence of his conviction after trial.

■ Finally, Acosta's allegations of ineffective assistance of counsel are unavailing. The Court notes that Acosta bases his claim in part on counsel's alleged failure to perfect an appeal and raise significant issues in that regard. This claim is belied by the Second Circuit's decision, which speaks for itself. It shows that Acosta's appeal, in which he was represented by his trial counsel, Mitchell Dinnerstein ("Dinnerstein"), was heard and adjudicated, and that substantial issues were argued on behalf of Acosta. Although Acosta may be unhappy with the appellate result it does not constitute a sufficient ground to support a claim of ineffective assistance of counsel.

The Court has otherwise reviewed Acosta's ineffective assistance of counsel claim and finds it equally meritless. Acosta fails to establish any basis for relief under the standard enunciated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court finds that a fair assessment of Dinnerstein's performance in this case shows no evidence that the

legal representation Acosta was provided in connection with his trial or at sentencing was deficient, or that if counsel may have committed any professional error it was so serious as to deprive Acosta of a fair proceeding, or that, but for any such error, the result of Acosta's sentencing would have been different. *See id.* at 689, 698, 104 S.Ct. 2052.

## *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of Ramon Acosta ("Acosta") for an order to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of Court is directed to terminate any pending motions and to close this case.

Because Acosta has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.

**SO ORDERED.**