Manuel MELO, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. 11 Civ. 1592 (VM), 07 Cr. 1150 (VM).

United States District Court, S.D. New York.

Nov. 15, 2011.

Michael Quinn English, U.S. Attorney's Office, SDNY, Telemachus Philip Kasulis, United States Attorney, Southern District New York, New York, NY, for Plaintiff.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Petitioner Manuel Melo ("Melo") brought this pro se motion pursuant to 28 U.S.C. § 2255 ("§ 2255") to vacate, set aside, or otherwise correct his sentence. Melo is serving a sentence of 130 months of imprisonment following convictions for conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery, and aiding and abetting the use, carrying, or possession of a firearm in furtherance of attempted Hobbs Act robbery. Melo contends that his sentence must be vacated because, among other things, he was denied his Sixth Amendment right, to effective assistance of counsel. For the reasons discussed below, the Court DENIES Melo's petition.

## I. BACKGROUND [1]

From 2003 to 2006, Melo belonged to a street organization (the "Organization") that operated throughout the greater New York City area and kidnapped, tortured,

---

1. The factual and procedural summary below is derived from the following documents and any exhibits attached thereto: Movant's Memorandum of Facts and Law in Support of His 28 U.S.C. § 2255 Motion to Vacate, Set Aside or to Correct His Sentence or Conviction,

and violently robbed drug dealers and other individuals possessing large amounts of cash. Melo acted as a tipster, or "santero," for the Organization, passing information to the Organization about possible targets. Melo also accompanied members of the Organization on robberies, in which he served as a lookout and as a getaway driver.

On October 14, 2008, the Government filed a superseding information (the "Superseding Information") containing five counts against Melo for conspiracy to commit Hobbs Act robbery (count one); attempt to commit Hobbs Act robbery (counts two, five, and seven); and using, carrying, and possessing a firearm during and in furtherance of attempted robbery (count eight).

Melo proceeded to a jury trial together with his co-defendant Ramon Acosta ("Acosta"). Melo was represented at trial by Thomas H. Nooter, Esq. ("Nooter"). The Government's proof included physical evidence, photographs, documents, and the testimony of cooperating witnesses, including four co-conspirators, Ramon Lopez, Luis Nunez, Franklin Ramos, and Pedro Sosa. The Government also presented corroborating evidence, including testimony from victims, lay witnesses, and law enforcement. Nooter did not present a direct case on behalf of Melo. Melo was convicted of all five counts against him. After trial, upon Nooter's motion, the Court vacated Melo's conviction on count two pursuant to Federal Rule of Criminal Procedure 29.

On March 9, 2 009, the Court imposed a sentence on Melo of 130 months of impris-

onment on counts one, five, seven, and eight.

Melo appealed his convictions and sentence to the United States Court of Appeals for the Second Circuit. On March 1, 2010, the Second Circuit affirmed Melo's convictions and sentence. *See United States v. Acosta,* 367 Fed.Appx. 259 (2d Cir.2010). The Second Circuit rejected Melo's argument that his convictions should be reversed due to insufficient evidence to support the inference "that he attempted to commit a crime of violence or threatened violence." *Id.* at 260–61. The Second Circuit found that the testimony that "the ringleader brought four men (including Melo) and several weapons, including a loaded gun, to commit the robbery" allowed the jury to infer "that Melo attempted to commit a crime of actual or threatened violence." *Id.* at 261.

Melo timely filed the instant petition on March 7, 2011, arguing that he was denied his Sixth Amendment right to effective assistance of counsel. In particular, Melo alleges that trial counsel was ineffective because he failed to: (1) communicate the Government's "implicit plea offer" and to provide adequate advice about seeking or obtaining a plea offer; (2) object to the Court's instruction regarding aiding and abetting the possession of a firearm in furtherance of a crime of violence; and (3) object to the Court's instructions regarding interstate commerce.

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

■ At the outset, the Court notes that Melo is a pro se litigant. According-

dated August 11, 2011 ("Memo"); Government's Opposition to Manuel Melo's Petition Under 18 U.S.C. § 2255, dated June 16, 2011 ("Opposition"); Declaration of Criminal Defense Counsel Thomas H. Nooter, dated June 15, 2011 ("Nooter Declaration"); Movant's Reply to the Government's Opposition to

Manuel Melo's Petition Under 28 U.S.C. § 2255, dated February 4, 2011 ("Reply"); and a transcript of the jury trial held on October 14–17, 20–24, 27, 2008. Except where specifically referenced, no further citation to these sources will be made.

ly, his submission must be held "to less stringent standards than formal pleadings drafted by lawyers." *Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993) (*quoting Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). The Court must construe Melo's submissions "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (citation omitted). A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." *Boddie v. N.Y. State Div. of Parole,* 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (*quoting Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983)).

■ A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States, or the court was without jurisdiction to impose such a sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Claims of ineffective assistance of counsel may be raised under § 2255 and are not barred for failure to raise them on direct appeal. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

■ The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *See Kimmelman v. Morrison,* 477 U.S. 365, 374–75, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). In *Strickland v. Washington,* the Supreme Court established a two-part test to determine whether defense counsel's assistance was ineffective. *See* 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness . . . under prevailing norms." *Id.* at 688–89, 104 S.Ct. 2052.

Second, the petitioner must show that he suffered prejudice as a result of defense counsel's deficient performance. *See id.* at 693, 104 S.Ct. 2052. Prejudice is established where "there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

## B. *APPLICATION*

### 1. *Failure to Convey the Government's "Implicit Plea Offer"*

Melo argues that Nooter was ineffective because Nooter failed to convey to Melo the Government's "implicit" plea offer and failed to provide him with adequate advice about seeking or obtaining a plea deal.

■ "A defendant suffers a Sixth Amendment injury where his attorney fails to convey a plea offer." *Pham v. United States,* 317 F.3d 178, 182 (2d Cir.2003). Additionally, "counsel must always communicate to the defendant the terms of any plea bargain offered by the prosecution." *Cullen v. United States,* 194 F.3d 401, 404 (2d Cir.1999). However, even a petitioner who establishes that his attorney has failed to convey a plea offer must still prove prejudice to successfully raise an ineffective assistance of counsel claim. *Pham,* 317 F.3d at 182. A finding of prejudice "requires some objective evidence other than [petitioner]'s assertions." *Id.*

■ The Court has reviewed the record here and finds no indication that the Government extended a plea offer to Nooter. Melo contends that certain comments made during his arraignment constituted an "implicit plea offer." According to Melo, "the Government stated on the record before the Court that Melo [has] or 'knows alot [sic] of information'

that is helpful to the government, regarding numerous criminal activities." (Memo at 18.) As an initial matter, the Court is unable to locate any such comments in the transcript of Melo's arraignment on July 25, 2008. Even if the Government made the alleged statements, such statements would not constitute a plea offer that Nooter was obligated to convey to Melo because there was no suggestion that the Government was offering Melo anything in exchange for his information. Nor could Melo establish prejudice stemming from Nooter's alleged failure to convey those statements because Melo was present during his arraignment, and could himself hear any statements that arguably may have constituted a plea offer.

▮▮▮▮ Nor can the Court credit Melo's assertion that Nooter failed to adequately advise him about seeking a plea deal. Nooter avers that he advises every client, including Melo, of his (or her) full range of options when facing criminal charges.[2] (Nooter Aff. ¶ 7.) Such options include going to trial, pleading guilty with or without a plea agreement, and cooperating with the Government. (*Id.*) Under the circumstances, this Court finds Nooter's affidavit more worthy of consideration than Melo's self-serving assertions to the contrary. This conclusion is buttressed by the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

▮▮▮▮ Even if Melo could establish that Nooter committed unprofessional errors, he has failed to establish any prejudice resulting from such conduct. Melo must show some "objective evidence other than [his] self-serving assertions to establish that [he] would have pled guilty had he received constitutionally effective assistance of counsel." *Crisci v. United States*, 108 Fed.Appx. 25, 27–28 (2d. Cir.2004). Here, Melo maintained his innocence throughout the proceedings. (Nooter Aff. ¶ 7.) Insistence on innocence, although not dispositive, weighs against finding that Melo would have accepted a plea deal. *See Cullen*, 194 F.3d at 407. Additionally, because there was no concrete plea deal offered, there is no objective evidence of the sentence Melo could have received with a guilty plea. *See Osorio v. Conway*, 496 F.Supp.2d 285, 303 (S.D.N.Y.2007) ("Objective evidence may include a disparity between the plea offers and the actual sentence, and whether the plea offers were stated in petitioner's presence in open court."). The Court therefore has no objective basis to find that the outcome would have been different had Melo pled guilty.

For all the reasons stated above, the Court finds that Nooter did not provide ineffective assistance of counsel for his al-

2. Melo contends that the Court should not examine Nooter's affidavit in connection with the instant petition because Nooter submitted it in violation of the attorney-client privilege as set forth in the American Bar Association (ABA) Formal Opinion 10–456 (the "Opinion"). (*See* Reply at 3.) However, it is well settled in the Second Circuit that "when a convicted defendant raises an argument that his counsel was ineffective and bases that contention on privileged communications with his attorney, the attorney-client privilege is waived as to the contents of those discussions." *Graziose v. United States*, No. 03 Civ. 8109, 2004 WL 102699, at *1 (S.D.N.Y. Jan. 1, 2004). Moreover, an ABA ethics opinion is not binding on this Court. *ABA Formal Opinion 10–456* at 1 n. 1 ("The laws, court rules, regulations, rules of professional conduct, and opinions promulgated in individual jurisdictions are controlling."). Even if it were controlling, the Opinion does not purport to prohibit an attorney from providing an affidavit to the Government when confronted with an ineffectiveness of counsel claim in a habeas petition. *See Douglas v. United States*, No. 09 Civ. 9566, 2011 WL 335861, at *1 (S.D.N.Y. Jan. 28, 2011).

leged failure to convey the Government's "implicit plea offer." Nor does the Court find that Nooter provided ineffective assistance of counsel with regard to seeking or obtaining a plea deal.

### 2. *Failure to Object to the Court's Instruction Regarding Aiding and Abetting*

Melo next argues that Nooter was constitutionally ineffective for failing to object to the Court's instruction regarding aiding and abetting the possession of a firearm in furtherance of a crime of violence. On this argument, Melo cannot satisfy either prong of *Strickland.*

■■■■■■ To establish a defendant's role as an aider and abetter to a crime, the jury must find that "the defendant joined the specific venture and shared in it, and that his efforts contributed to its success." *United States v. Labat,* 905 F.2d 18, 23 (2d Cir.1990). A defendant must have "consciously assisted the commission of the [crime] in some active way." *United States v. Medina,* 32 F.3d 40, 45 (2d. Cir. 1994). Here, the Court instructed the jury to consider the following questions: whether Melo "participate [d] in a crime charged as something he wished to bring about"; whether he "associate [d] himself with the criminal venture knowingly and willfully"; and whether he sought "by his actions to make the criminal venture succeed." (Tr. 1288:7–15.) The Court explained that the mere presence of Melo at the crime scene with the knowledge that a crime is being committed, or "the mere acquiescence by a defendant in [ ] criminal conduct of others even with guilty knowledge" would not justify aiding and abetting liability. (Tr. 1287:25; 1288:1–4.)

■■■ The jury charge provided all of the elements of aiding and abetting liability and made clear that the jury could not find Melo guilty of aiding and abetting based only on his knowledge that a firearm would be used, carried, or possessed during the robberies. Nooter's decision not to object to the Court's aiding and abetting instruction was reasonable because the charge to the jury was an accurate statement of the law. *See Aparicio v. Artuz,* 269 F.3d 78, 100 (2d Cir.2001) (holding that because "the jury instructions were not improper, the failure of Petitioner's trial counsel to object or request an additional instruction was not objectively unreasonable"). For the same reason, Melo cannot establish prejudice because had Nooter objected to the jury charge, his objection would have been properly overruled.

■■■ Melo argues for the first time in his Reply that Nooter was ineffective for failing to request an instruction on *Pinkerton* liability. *See Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). As an initial matter, the Court notes Melo waived this argument because he raised it for the first time in his Reply. *See, e.g., United States v. Yousef,* 327 F.3d 56, 115 (2d Cir.2003) ("We will not consider an argument raised for the first time in a reply brief."); *United States v. Greer,* 285 F.3d 158, 170 n. 3 (2d Cir.2002) (argument raised for first time in reply brief is waived). However, even if this issue were properly before the Court, it would not entitle Melo to habeas relief. Had Nooter requested a *Pinkerton* instruction, that request would have been properly denied because the Government's theory of the case was aiding and abetting liability.[3] The Court therefore was not obligated to give an instruction on *Pinker-*

---

**3.** A court *may* charge the jury under a theory of either aiding and abetting or *Pinkerton* liability, or both, as they are alternative theo-

ries of the case. *See United States v. Masotto,* 73 F.3d 1233, 1242 (2d Cir.1996).

ton liability and Nooter was not ineffective for failing to request one. Moreover, Melo cannot establish prejudice from Nooter's failure to request a *Pinkerton* charge because that charge would have required a lesser threshold of proof than the charge the Court gave regarding aiding and abetting. *See Masotto*, 73 F.3d at 1242.

Accordingly, Nooter's failure to object to the Court's instruction regarding aiding and abetting liability was reasonable and does not support Melo's claim that Nooter rendered ineffective assistance of counsel.

### 3. *Failure to Object to the Court's Instructions Regarding Interstate Commerce*

Finally, Melo argues that Nooter was ineffective for failing to object to the Court's instructions regarding interstate commerce. The Court concludes that Nooter was not ineffective because the jury charge accurately stated the law. *See Aparicio*, 269 F.3d at 100.

▆▆▆ The Hobbs Act establishes criminal liability for anyone who "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery ... or attempts or conspires to do so." 18 U.S.C. § 1951(a). "Proving an effect on interstate commerce is [ ] an element of a Hobbs Act offense, which must be proven beyond a reasonable doubt to a jury." *United States v. Parkes*, 497 F.3d 220, 227 (2d Cir.2007). However, "all that need be shown is the possibility or potential of an effect on interstate commerce, not an actu-

al effect." *United States v. Jones*, 30 F.3d 276, 285 (2d Cir.1994).

▆▆▆ The Court gave the following instruction regarding interstate commerce: "Activities affecting or potentially affecting unlawful interstate activity, such as drug trafficking, fall within the purview of the statute. Therefore ... if you find that th[e] drugs traveled in interstate or foreign commerce, this element has been satisfied." (Tr. 1275:10–15.) Contrary to Melo's contention, the Court did not direct the jury to assume the element of interstate commerce was met, as Melo now boldly contends.[4] The instruction offered, requiring the jury to find that the cocaine at issue traveled in interstate commerce, was an accurate statement of the law, and therefore Nooter was not ineffective for failing to object to it.

### 4. *Other Claims*

▆▆▆ Melo raises the argument again for the first time in his Reply that there was insufficient evidence to support his convictions for aiding and abetting the use, possession, or carrying of a firearm. (*See* Reply at 23–27.) This argument is procedurally barred as it could have been raised on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). However, even if this issue were properly presented, it would not warrant disturbing the jury's verdict. A petitioner challenging the "sufficiency of the evidence supporting a conviction faces a 'heavy burden,' because [the Court] must review the evidence in the light most favorable to the government,

---

4. Melo also argues that his conduct involving illegal narcotics did not violate the Hobbs Act because illegal drugs do not travel through regulated interstate commerce within the meaning of 18 U.S.C. § 1951(a). (*See* Reply at 31–38.) As an initial matter, the Court notes that this argument is waived as it was raised for the first time in Melo's Reply. *See,*

*e.g., Yousef*, 327 F.3d at 115; *Greer*, 285 F.3d at 170 n. 3. Even if this argument were properly before the Court, it would fail. It is well settled that the traffic in illegal drugs falls within the reach of the Hobbs Act. *See United States v. Vasquez*, 267 F.3d 79, 90 (2d Cir. 2001); *United States v. Jones*, 30 F.3d 276, 286 (2d Cir.1994).

drawing all reasonable inferences in its favor." *United States v. Gaskin,* 364 F.3d 438, 459 (2d Cir.2004). The Court is persuaded that here, there was ample evidence produced at trial to support a rational jury finding that Melo aided and abetted the use, carrying, or possession of a firearm and violated the Hobbs Act.

## III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 1) of petitioner Manuel Melo ("Melo") to vacate, set aside, or otherwise correct his conviction and sentence pursuant to 28 U.S.C. § 2255 ("§ 2255") is **DENIED.**

The Clerk of Court is directed to terminate any pending motions and to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

As Melo has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(1)(B).

**SO ORDERED.**