# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30956
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY JONES, also known as Lucci Jones, also known as King Lucci Jones, also known as Lucci Loco Jones,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CR-174-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Timothy Jones appeals his life sentence imposed following his jury trial convictions for conspiracy to commit sex trafficking of children; sex trafficking of minors; sex trafficking by use of force, fraud, or coercion; enticement of a minor to travel to engage in prostitution through means of interstate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

commerce; and use of interstate facilities to promote prostitution and unlawful activities.

Jones argues for the first time on appeal that the district court erred in separating his conspiracy conviction into multiple "pseudo offenses," which had not been identified as objects of the conspiracy and were not found to be proved beyond a reasonable doubt by the district court. He contends that there should not have been a multi-level enhancement of his offense level because the district court did not expressly or implicitly make the findings required under U.S.S.G. § 1B1.2(d), comment. (n.4). Jones made only a general objection to the manner in which counts were grouped for calculating the sentencing guidelines range and, thus, review is for plain error. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court must treat a count charging a conspiracy to commit more than one offense as if the defendant was convicted on a separate count for each underlying offense; however, in the absence of a verdict or plea on those underlying "pseudo" offenses, an enhancement cannot be made unless a reasonable trier of fact would find the defendant guilty of those underlying offenses beyond a reasonable doubt. U.S.S.G. § 1B1.2(d); § 1B1.2, comment. (n.4); *United States v. Fisher*, 22 F.3d 574, 577 (5th Cir. 1994). Evidence was introduced at trial that Jones directed his victim to engage in commercial sex acts on five specific dates as well as on other occasions. Further, the district court concluded at sentencing that the evidence of Jones's guilt was overwhelming. On this record, we see no plain error. *See Fisher*, 22 F.3d at 576-77.

Jones also argues that the pseudo offenses should not have been considered because they were not specifically alleged in the conspiracy charge.

No. 16-30956

We have not addressed whether individual offenses must be alleged in an indictment for purposes of Application note 4 to § 1B1.2, but other circuits have rejected such a reading. *See United States v. Ford*, 761 F.3d 641, 659-60 (6th Cir. 2014); *United States v. Robles*, 562 F.3d 451, 455 (2d Cir. 2009). Any error was, therefore, not clear or obvious. *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007).

Second, Jones argues that the district court erred in enhancing his offense level based on the victim suffering a "serious bodily injury" because any injury suffered did not meet the definition of that term under the Guidelines. Jones did not make this specific objection to the enhancement in the district court so review again is for plain error. *See Puckett* 556 U.S. at 135.

Jones is correct that the district court could not rely on the criminal sexual abuse taken into account in determining his base offense levels. *See* U.S.S.G. § 2A3.1, comment. (n.1). But the preponderance of the evidence showed that Jones inflicted serious bodily injury on the victim, aside from subjecting her to criminal sexual abuse. The district court did not commit clear or obvious error in applying the serious bodily injury enhancements under § 2A3.1(b)(4)(B). *See United States v. Bell*, 367 F.3d 452, 477 (5th Cir. 2004).

Finally, the district court did not plainly err in calculating Jones's base offense level on two of the sex trafficking offenses based on the wrong statute of conviction. Jones's argument is premised on the written judgment, which states only that Jones was convicted under § 1591(b)(2). However, the indictment alleged that Jones violated both 18 U.S.C. § 1591(b)(1) and (b)(2), and the jury verdict shows that it found Jones guilty of violating both subsections. Jones's contention that there was an error in the base offense level therefore is without merit. However, the omission of § 1591(b)(1) from the judgment is a clerical error, and we remand this matter to the district court

3

for the limited purpose of correcting it. *See United States v. Johnson,* 588 F.2d 961, 964 (5th Cir. 1979).

AFFIRMED; REMANDED FOR LIMITED PURPOSE OF CORRECTING CLERICAL ERROR.