09-2907-cr
United States v. Harrison

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2009

(Argued: May 19, 2010                    Decided: May 26, 2010)

Docket No. 09-2907-cr

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                 Appellee,

            - v.-

JONATHAN HARRISON,

                 Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

        Before:        JACOBS, Chief Judge, MINER and WESLEY,
                       Circuit Judges.

        Defendant-appellant Jonathan Harrison appeals the

judgment of the United States District Court for the

Northern District of New York (Mordue, C.J.) convicting him

of possession with intent to distribute cocaine base

(crack).  He appeals the denial of his motion to suppress

the drugs, arguing that the officers found them only after

unreasonably protracting an otherwise lawful traffic stop.

We affirm.

KENNETH M. MOYNIHAN, Philadelphia, Pennsylvania, for Appellant.

PAUL D. SILVER (Ransom P. Reynolds, III, on the brief), United States Attorney's Office for the Northern District of New York, for Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York, for Appellee.

**PER CURIAM:**

Defendant-appellant Jonathan Harrison appeals the judgment of the United States District Court for the Northern District of New York (Mordue, C.J.) convicting him of possession with intent to distribute cocaine base (crack).  He appeals the denial of his motion to suppress the drugs, arguing that the officers found them only after unreasonably protracting an otherwise lawful traffic stop.

**I**

Harrison was a backseat passenger in a car that was stopped on the night of November 2, 2006, because a license plate light was out.  Marcos Villegas was driving, Ronisha McBride was the front passenger, and Lamar Watson was in the

back with Harrison. Villegas pulled over to the highway shoulder. To avoid being hit by traffic, New York State Trooper Joseph Krywalski approached the passenger side, asked for the driver's license and registration, and ordered Villegas to step around to the back. As Villegas complied, Krywalski recognized him from two prior traffic stops in which Krywalski found drugs in Villegas's car (marijuana on the first stop, marijuana and cocaine on the second).

Standing at the back of the car, Krywalski asked Villegas where he was going, why, and with whom. Villegas responded that they were all returning to Utica from a wedding rehearsal in Rochester. Krywalski then went back to the three passengers to see if they would corroborate Villegas's account. McBride said that she and Villegas had traveled alone to Rochester, visited friends, picked up Harrison and Watson, and were returning together to Utica; nothing special took them to Rochester.

Krywalski queried Villegas again, who stuck to his story, and refused consent to search the vehicle. As they spoke (two to three minutes after the stop began), Trooper Timothy Ryan arrived at the scene. Two to three minutes after that, Ryan shined his flashlight into the car and

3

spotted a marijuana cigarette on the floor next to McBride's foot. Krywalski arrested Villegas and McBride, ordered Watson and Harrison out of the car, and found a gun inside the center console. Krywalski directed the arrest of Harrison and Watson.

Everyone went to the police station. There, Krywalski saw Harrison shake his right leg until a bag of crack fell out of his pants.

Harrison was charged in federal court with possession with intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court denied Harrison's pre-trial motion to suppress the crack as the result of an unlawful stop; the jury convicted; and the district court sentenced him to 240 months' imprisonment.

On appeal, Harrison concedes that the original traffic stop was lawful, but he argues that Krywalski's questioning as to the four individuals' travels unreasonably prolonged the stop and therefore resulted in an unlawful detention, and that the drugs should have been suppressed as a result.

4

**II**

"On an appeal from a district court's ruling on a motion to suppress evidence, we review the court's factual findings for clear error, viewing the evidence in the light most favorable to the government.  The district court's legal conclusions are reviewed de novo."  United States v. Ivezaj, 568 F.3d 88, 96 (2d Cir. 2009).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures."  U.S. Const. amend. IV.  "[T]he Fourth Amendment requires that an officer making a traffic stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity."  United States v. Stewart, 551 F.3d 187, 191 (2d Cir. 2009) (internal quotation marks, brackets, and emphases omitted); see also Whren v. United States, 517 U.S. 806, 809-10 (1996).

It is conceded that the stop of Villegas's car was lawful; it was predicated on a violation of New York Vehicle & Traffic Law § 375(2)(a)(4) (requiring that motor vehicles have a lamp illuminating the rear license plate).  However,

5

even a seizure that is "lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution." Illinois v. Caballes, 543 U.S. 405, 407 (2005). As applied to a traffic stop, "[a] seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission." Id. Still, "[a]n officer's inquiries into matters unrelated to the justification for the traffic stop . . . do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop." Arizona v. Johnson, 129 S. Ct. 781, 788 (2009).

The question is whether Krywalski's questions "measurably extend[ed] the duration of the stop" such that the stop, lawful at its inception, became unconstitutional. Krywalski testified that he had all of the information needed to issue the traffic ticket before he first approached the people in the car to corroborate Villegas's story. But the time elapsed between the stop and the arrest was only five to six minutes, and the questions about the

passengers' comings and goings were subsumed in that brief interval.  We hold that this additional questioning did not prolong the stop so as to render it unconstitutional.

When a traffic stop is supported by probable cause, the occupants of the car have no "right to be released the instant the steps to check license, registration, and outstanding warrants, and to write a ticket, had been completed. . . . [T]he fourth amendment does not require the release of a person arrested on probable cause at the earliest moment that step can be accomplished.  What the Constitution requires is that the entire process remain reasonable."  United States v. Childs, 277 F.3d 947, 953-54 (7th Cir. 2002) (in banc).  Longer intervals than five to six minutes have been deemed tolerable.  See, e.g., United States v. Turvin, 517 F.3d 1097, 1103-04 (9th Cir. 2008) (holding that a 14-minute period of questioning was not unlawful because "officers do not need reasonable suspicion to ask questions unrelated to the purpose of an initially lawful stop [where the questioning] did not unreasonably prolong the duration of the stop"); United States v. Hernandez, 418 F.3d 1206, 1212 n.7 (11th Cir. 2005) ("Where at its inception a traffic stop is a valid one for a

7

violation of the law, we doubt that a resultant seizure of no more than seventeen minutes can ever be unconstitutional on account of its duration: the detention is too short . . . . Even *if* seventeen minutes is some minutes longer than the norm, we question whether the Fourth Amendment's prohibition of unreasonable seizures is concerned with such trifling amounts of time, when the seizure was caused at the outset by an apparent violation of the law.  Of trifles the law does not concern itself.").

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.