UNITED STATES of America,
Appellee,

v.

Jorge CEDEÑO, a/k/a Miguel, Angel Diaz, a/k/a Pete, Rafael Rodriguez, a/k/a Dance, Victor Diaz, a/k/a Gago, Defendants–Appellants,

German Cuadrado, a/k/a Geraldo, Jorge Flores, Juan Camacho, Saile Parra, Plutarco Angulo–Aguirre, a/k/a Mata-tan, a/k/a Platano, Defendants.*

Nos. 09–1857–cr(L), 09–1908–cr(con), 09–1909–cr(con), 09–2096–cr(con).

United States Court of Appeals, Second Circuit.

May 2, 2011.

* Plutarco Angulo–Aguirre withdrew his appeal (No. 09–3678–cr) on March 5, 2010. The Clerk of Court is respectfully instructed to amend the official case caption as shown above.

Clinton W. Calhoun III, Calhoun & Lawrence, LLP, White Plains, NY, for Jorge Cedeño.

Paul P. Rinaldo, Grossman & Rinaldo, Forest Hills, NY, for Rafael Rodriguez.

Randall D. Unger, Law Office of Randall D. Unger, Bayside, NY, for Angel Diaz.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for Victor Diaz.

Michael A. Levy, Assistant United States Attorney (Nola B. Heller, Assistant United States Attorney, on the brief) for Preet Bhahara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: DENNIS JACOBS, Chief Judge, GUIDO CALABRESI, and DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

On April 28, 2009, following a month-long jury trial, defendants-appellants Jorge Cedeño, Angel Diaz ("Angel"), and Rafael Rodriguez were convicted of conspiracy, kidnapping, armed robbery, and related crimes. They now appeal their convictions, alleging various pretrial and trial errors. Their co-defendant Victor Diaz ("Victor") appeals his conviction entered following his guilty plea. Cedeño, Angel, and Victor also challenge their sentences. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review, and address the claims of each defendant in turn.

### 1. *Cedeño*

■ In 2007, Cedeño was charged with kidnapping, armed robbery, conspiracy, and using a firearm in furtherance of a crime of violence. He argues on appeal that the trial court admitted excessive evidence of uncharged criminal activity, including evidence of conduct other than kidnapping and robbery and crimes committed by co-conspirators outside the conspiracy. Evidence of other crimes is properly admitted under Rule 404(b) of the Federal Rules of Evidence if: "(1) the prior acts evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially out-

weighed the danger of its unfair prejudice; and (4) the court administered an appropriate limiting instruction." *United States v. Brand,* 467 F.3d 179, 196 (2d Cir.2006) (internal quotation marks omitted).

The record reflects that the vast majority of the disputed evidence—testimony regarding events that did not involve Cedeño—came in as admissions by the government's witnesses of their own criminal activity. The remaining evidence Cedeño cites—regarding incidents that did involve him—were relevant to establishing how the co-conspirators came to meet or work with one another, and were thus properly offered for non-propensity purposes. *United States v. Pipola,* 83 F.3d 556, 566 (2d Cir.1996). Finally, the district court twice issued appropriate limiting instructions to the jury. We find no error in the admission of this evidence.

■ Cedeño also challenges his sentence of 319 months' imprisonment, arguing that the district court improperly enhanced his sentence based upon uncharged conduct—an armed robbery in Pennsylvania—in violation of his Fifth and Sixth Amendment rights. Because his challenge raises questions of law, our review of the district court's application of the United States Sentencing Guidelines (the "Guidelines") is de novo. *United States v. Vasquez,* 389 F.3d 65, 68 (2d Cir.2004).

We conclude that Cedeño's argument is foreclosed by our recent decision in *United States v. Robles,* in which we held that a sentencing enhancement predicated upon uncharged conduct is constitutional if: (1) the jury renders a general verdict that does not establish which offense was the object of a multiple-object conspiracy; (2) the sentencing court determines that defendant's conduct was proven beyond a reasonable doubt; and (3) the sentence imposed does not exceed the statutory maximum for the count on which the de-

fendant was convicted. *Robles,* 562 F.3d 451, 455–57 (2d Cir.2009) (citing U.S.S.G. §§ 1B1.2(d), 1B1.2 cmt. 4, 5G1.1).

Here, the jury rendered a general verdict of guilty as to Cedeño's kidnapping and armed robbery conspiracy counts. We note, however, that the Pennsylvania robbery was also specifically mentioned in those counts in the superseding indictment and "provided sufficient notice that [it] could be considered [an object] of the conspiracy." *See id.* at 456. Judge McMahon then determined that the government had proved beyond a reasonable doubt that Cedeño participated in the Pennsylvania robbery and that, by extension, the robbery was another object of the overall conspiracy. Finally, Cedeño's 319–month sentence is below the statutory maximum authorized for the crimes of conviction. The statutory maximum for robbery and conspiracy to commit robbery is twenty years' imprisonment, 18 U.S.C. § 1951(a), while the statutory maximum for both kidnapping and conspiracy to commit kidnapping is life imprisonment, 18 U.S.C. § 1201(a), (c). We find no error in the application of the Guidelines, and affirm the sentence.

### 2. *Rodriguez*

Rodriguez challenges Judge McMahon's denial of his suppression motions as to (1) the guns and other evidence taken from the trunk of a car in which he was a passenger; and (2) the bulletproof vest he wore when he was arrested, as evidence derived from an illegal *Terry* stop. We review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Harrison,* 606 F.3d 42, 44 (2d Cir.2010).

Rodriguez does not argue that the officers lacked probable cause to search the trunk, but instead, that the evidence from the trunk was the fruit of an illegal traffic stop. The record establishes that no such stop occurred. Testimony at the suppression hearing established that the car was already parked, its engine was turned off when the officers drove toward the car, and Rodriguez had already exited the car. *See Brendlin v. California,* 551 U.S. 249, 257, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007) ("A traffic stop necessarily curtails [a driver and passenger's travel], diverting both from the stream of traffic to the side of the road."). Because no traffic stop occurred, Rodriguez's challenge to the admission of the evidence from the car trunk is without merit.

■ Rodriguez next contends that a police detective then committed an illegal *Terry* stop when he approached Rodriguez for questioning, placed a hand on Rodriguez's shoulder to get his attention, and said, "Hey, pal, can I talk to you for a second?" At a suppression hearing, the detective testified that he inadvertently felt a "hard, stiff ... raised portion" underneath Rodriguez's clothing that he believed to be a bulletproof vest. The detective stated that based upon his investigation of an earlier robbery-kidnapping, he had reason to believe that the suspects might be armed and violent.

We affirm the district court's conclusion that even if a *Terry* stop had occurred, it was more than justified because the officers by then had information from the cooperator and corroboration from their ongoing investigation of the residence to support "a reasonable suspicion that the individual [was, had been, or was] about to be engaged in criminal activity." *United States v. Villegas,* 928 F.2d 512, 516 (2d Cir.1991) (citing *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). Accordingly, we affirm the district court's denials of the suppression motions.

### 3. *Angel*

■ Angel, joined by Cedeño, argues that the district court improperly charged the jury with respect to the firearm-brandishing statute, 18 U.S.C. § 924(c), by stating that "[a]s a matter of law, a gun is a firearm." Defendants claim that this statement precluded the jury from making a factual determination regarding an element of the offense.

A jury instruction is erroneous if it "misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Walsh*, 194 F.3d 37, 52 (2d Cir.1999) (internal quotation marks omitted). Because neither defendant objected to the jury instruction below, we review the instruction only for plain error. *United States v. Feliciano*, 223 F.3d 102, 114–15 (2d Cir.2000). Even assuming there was error, if this Court finds beyond a reasonable doubt that the jury would have returned the same verdict, the conviction is sustained. *United States v. Gomez*, 580 F.3d 94, 101 (2d Cir.2009).

Section 924(c) criminalizes the use or carrying of a firearm during the commission of a crime of violence. 18 U.S.C. § 924(c). Section 921(a)(3) defines "firearm" to include "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3). Although Judge McMahon provided the jury with a definition virtually identical to § 921(a)(3), her statement was inaccurate to the extent she was suggesting that all guns are firearms. We have previously observed that "not all guns are firearms" because, for instance, a BB gun is not a "firearm." *United States v. Rosa*, 507 F.3d 142, 145 n. 1, 156 (2d Cir.2007).

Any error in the instruction, however, was harmless. Government cooperators and victims testified at trial regarding the use of guns during the robberies, and the government introduced two revolvers recovered by police matching the color and calibers described on the stand by police officers, cooperators, and victims, along with evidence that the guns were loaded with bullets. The bullets that the police recovered were also introduced as exhibits. Because the weight of the trial evidence bearing on this element was "overwhelming and essentially uncontroverted" in this case, we conclude that any error in the jury instruction was harmless. *See Gomez*, 580 F.3d at 100–01.

### 4. *Victor*

■ Victor argues on appeal that the district court's failure to infer a request for new counsel from his letter to the court regarding difficulties communicating with his counsel in Spanish and from his statements at a subsequent status conference, as well as its failure to ask him whether he was satisfied with his counsel, constituted a denial of new counsel. Assuming, without deciding, that Victor did effectively request substitution of counsel, we review for abuse of discretion. *United States v. Carreto*, 583 F.3d 152, 158 (2d Cir.2009).

At a status conference on the matter (at which Victor was provided a Spanish interpreter), Judge McMahon adequately addressed each of Victor's concerns. She adjourned Victor's sentencing an additional thirty days, and secured a commitment from his counsel to review his sentencing memorandum with him through an interpreter in sufficient time for sentencing. We agree with the court's finding that new counsel was unnecessary because there was no indication of a "fundamental and insoluble disagreement between client and attorney." Accordingly, on this record, we find no abuse of discretion.

■ Victor also challenges his sentence, arguing that the district court committed procedural error while making factual findings at sentencing. *See United States v. Cavera*, 550 F.3d 180, 187 (2d Cir.2008) (en banc). We review factual findings in a sentencing for clear error. *Vasquez*, 389 F.3d at 68.

Victor argues that the district court erred in referring to him as a "professional truck robber" when he had only committed truck thefts; calling him a "fence" when he did not habitually sell stolen goods to third parties; and denying him a minor role adjustment. Because his counsel failed to raise the first two objections below, we apply the plain error standard. *See United States v. Dorvee*, 616 F.3d 174, 179–80 (2d Cir.2010). Upon reviewing the record, we conclude that Judge McMahon did not clearly err and that she relied upon a factually accurate presentence report. Assuming, arguendo, that her characterizations of the victim as a "professional truck robber" and "fence" were not technically or precisely accurate, they did not substantially exaggerate the severity of his crimes. Finally, Judge McMahon properly denied Victor a minor role adjustment. Accordingly, we find no procedural error in the sentencing.

## CONCLUSION

In this appeal, Cedeño also alleges that the district court erred in limiting cross-examination of a testifying victim, alleges that his § 924(c) indictment was duplicitous, and erred in instructing the jury on § 924(c) "aiding and abetting" liability. Rodriguez raises an additional evidence-sufficiency challenge *pro se*, and Angel also challenges the denial of his severance motion and appeals from his sentence. We have considered all of the defendants' re-

maining arguments and find them to be without merit.[1] For the foregoing reasons, defendants' convictions and sentences are hereby **AFFIRMED**.

---

1. Cedeño raises one additional argument, regarding impeachment evidence, which we address separately in an opinion also filed today.