10-2050-cr(L)
United States v. Figueroa

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of May, two thousand eleven.

PRESENT:

ROGER J. MINER,
JOSÉ A. CABRANES,
CHESTER J. STRAUB,
   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

   *Appellee,*

   -v.-                                                     Nos.  10-2050-cr(L)
                                                                  10-2051-cr(CON)

BAYRON DAVID FIGUEROA, a.k.a David Bayron Figueroa,
JONATHAN ACEBEDO-GARCIA

   *Defendants-Appellants,*

FABIAN ENRIQUE ALVARADO-AYALA, a.k.a Fabian Alvarado,

   *Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANTS-APPELLANTS:**     Brendan White, White & White, New York, NY, *for defendant-appellant Jonathan Acebedo-Garcia.*

1

Timothy Austin, Assistant Federal Public Defender (Molly Corbett, on the brief), *for Alexander Bunin*, Federal Public Defender for the Northern District of New York, Albany, NY, *for defendant-appellant Bayron David Figueroa.*

FOR APPELLEE:                          Rajit S. Dosanjh, Assistant United States Attorney (Daniel C. Gardner, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from two May 17, 2010 judgments of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court are **AFFIRMED IN PART** insofar as defendants challenge the District Court's order denying their motions to suppress and the judgments of conviction, and **REMANDED IN PART** with respect to defendants' challenge to their sentences.

Defendants-appellants Bayron David Figueroa and Jonathan Acebedo-Garcia ("defendants") appeal from May 17, 2010 judgments of the District Court sentencing them principally to 63 months and 51 months of imprisonment respectively after both defendants pleaded guilty to conspiracy to possess with intent to distribute a mixture of 3, 4-Methylenedioxymethamphetamine ("MDMA"), methamphetamine, and N-Benzylpiperazine ("BZP")—all Schedule I controlled substances—in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 21 U.S.C. § 846. On appeal, defendants argue that the District Court erred in denying their motion to suppress evidence—including narcotics—obtained during the search and seizure of their vehicle, allegedly in violation of their rights under the Fourth Amendment to the United States Constitution. They also assert that the District Court engaged in clearly erroneous fact-finding that led to a procedurally unreasonable sentence when it determined that the controlled substance referenced in the Sentencing Guidelines that is most closely related to the mixture found in the pills in defendants' van is MDMA, also known as ecstasy. This latter claim is the basis of a published opinion filed simultaneously with this non-precedential order. We assume the parties' familiarity with the facts and the procedural history of this case.

"When reviewing a district court's ruling on a motion to suppress evidence, we review the court's factual findings for clear error, viewing the evidence in the light most favorable to the government." *United States v. Worjloh*, 546 F.3d 104, 108 (2d Cir. 2008). A district court's "legal conclusions are reviewed *de novo*." *Id.*

2

Defendants assert three errors which warrant reversal. First, defendants argue that the District Court's factual determinations regarding the search and seizure of the vehicle in which they were traveling were clearly erroneous because the District Court failed to resolve a discrepancy between the testimony of the arresting officer and information in that officer's contemporaneous incident report. Specifically, they allege that New York State Trooper Mohammad Amin did not indicate in a report made after the accident that the van in which Figueroa and Acebedo-Garcia were stopped was traveling 70 miles per hour on a stretch of highway with a speed limit of 65 miles per hour, as he later testified. "Where the [D]istrict [C]ourt's factual findings are premised upon credibility determinations, we grant particularly strong deference to those findings." *United States v. Mendez*, 315 F.3d 132, 135 (2d Cir. 2002). Here, despite the fact that the excessive speed of the vehicle was not recorded as a basis for the stop in the incident report, the District Court was in a position to appraise the veracity of Trooper Amin's testimony, and we are entitled to credit the District Court's findings notwithstanding any inconsistencies between that testimony and the incident report. *See United States v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007) (factual findings based on witness testimony "are entitled to particular deference" since credibility assessment "is distinctly the province of the district court" (internal quotation marks and citation omitted)). We therefore are not "left with the definite and firm conviction that a mistake has been committed," *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (explaining the standard for clear error), and conclude that defendants' first claim is without merit.

Second, defendants argue that the District Court erred in denying their suppression motions because the arresting officers lacked probable cause to stop the van in which defendants were traveling. We disagree. It is well settled in this Circuit that an observed traffic violation is "a specific and articulable fact" sufficient to justify the search and seizure of a vehicle under the Fourth Amendment, *United States v. Scopo*, 19 F.3d 777, 781 (2d Cir. 1994), and that speeding constitutes a traffic violation under New York law, *see United States v. Langer*, 958 F.2d 522, 523 (2d Cir. 1992). Indeed, as we have had occasion to observe, the fact that Trooper Amin may have used the speeding violation as a pretext for the stop, based on his prior discussions with Senior Special Agent Rob Charles of Immigration and Customs Enforcement, does not dictate a different outcome: "an officer's use of a traffic violation as a pretext to stop a car in order to obtain evidence for some more serious crime is of no constitutional significance." *United States v. Dhinsa*, 171 F.3d 721, 724–25 (2d Cir. 1998); *see also Whren v. United States*, 517 U.S. 806, 814 (1996). We therefore conclude, on the basis of the record before us, that Trooper Amin had probable cause to stop defendants' van and that defendants' second argument is also without merit.

Finally, defendants assert, for the first time, that the duration of the stop was unreasonable in violation of the Fourth Amendment. A seizure that is justified by probable cause can nevertheless "become unlawful if it is prolonged beyond the time reasonably required to complete that mission." *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). Here, however, the stop took less than ten minutes and Trooper Amin and Special Agent Charles took no action improperly to extend the length of the stop. We therefore conclude that the duration of the stop did not give rise to a constitutional

3

violation.  *See United States v. Harrison*, 606 F.3d 42, 45 (2d Cir. 2010) (recognizing that stops lasting up to seventeen minutes have been recognized as reasonable); *United States v. Bell*, 555 F.3d 535, 542 (6th Cir. 2009) (search of a vehicle using a K-9 unit which lasted ten minutes was not an unreasonable delay under the Fourth Amendment).  Therefore, defendants' third argument with respect to the motion to suppress evidence is without merit as well.

## CONCLUSION

For the reasons stated above, the judgments of the District Court with respect to the suppression motion and defendants' convictions are **AFFIRMED**.  In a separately filed companion opinion, we **REMAND** the cases with instructions to hold an evidentiary hearing to determine the composition of the pills for the purposes of U.S.S.G. § 2D1.1.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court